EASTERN DIST.
*April,* 1839.

HOBSON AND CO.
*vs.*
WHITTEMORE
ET AL.

HOBSON AND CO. *vs.* WHITTEMORE ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Wherever the same fact is the ground of a dilatory exception, and also of the merits of the action, it must be acted on in the trial of the cause, otherwise the fact would be tried summarily, and could not be submitted to a jury.

Commercial partners may all be sued in the parish in which they conduct their business, although one of them resides and is domiciled in a different parish.

The plaintiffs allege, that the commercial firm of Whittemore, Blair & Co., of New-Orleans, composed of the said Whittemore and Daniel Blair, residing in New-Orleans, and of A. F. Rightor, who resides at Donaldsonville, in the parish of Ascension, are indebted to them in the sum of forty-three thousand eight hundred and sixty-nine dollars, with ten per cent. interest thereon, for the balance of an account, which is annexed to the petition, it being for advances in cash, and endorsements on notes and bills drawn by said firm. They pray judgment *in solido* against the defendants.

The defendant Rightor pleaded his domicil; that he was a resident of the parish of Ascension, and could not be sued in New-Orleans: he also denies that he is a partner of Whittemore & Blair, or ever was, and that no judgment can be rendered against him as such. On the merits, he pleaded the general issue.

The *firm* pleaded to the merits, and averred that they were not indebted in the sum claimed; that they were entitled to many credits which have not been allowed them, and which they plead in compensation, &c.

The plaintiffs established their claim by proof, and showed that the defendants were partners, and had judgment. The defendants appealed.

*Benjamin,* for the plaintiff, insisted on the affirmance of the judgment.

*Preston*, for defendants, assigned for error, among other matters, that the exception of domicil was a declinatory plea, and was never overruled. It was manifestly erroneous to try the cause on its merits before this exception was first disposed of. It should have been placed on the exception docket, and tried summarily, and not on the ordinary one, and tried with the cause on its merits. This plea could only be decided on, by trying whether Rightor was a partner or not. The Parish Court of New-Orleans was incompetent to try this question, because its jurisdiction is confined to causes of action arising in the parish or first judicial district. Rightor lived out of the district.

Eastern Dist.<br>*April,* 1839.<br>──────<br>HOBSON AND CO.<br>*vs.*<br>WHITTEMORE<br>ET AL.

*Martin, J.*, delivered the opinion of the court.

The appellant has built his hopes for the reversal of the judgment on the following assignment of errors, apparent on the face of the record:

1. That his plea to the jurisdiction of the court, on account of his residence out of the parish, was not overruled before the trial of the cause.

2. The Parish Court was incompetent to try the question whether the appellant was a partner, because it was denied, and it was admitted that he resided in another parish.

3. The suit should have been tried by a jury.

I. The appellant was sued as a partner of a commercial house established in New-Orleans. In order to ascertain whether he was sueable in the Parish Court, it was necessary to establish that he was a partner; in other words, to prove one of the allegations in the petition on which the plaintiff's claim rested, and which the defendant denied. Whenever the same fact is the ground of a dilatory exception, and of the merits of the case, it must be acted on in the trial of the cause; because, otherwise, the fact would necessarily be tried summarily, and could not be submitted to a jury.

Whenever the same fact is the ground of a dilatory exception, and also of the merits of the action, it must be acted on in the trial of the cause, otherwise the fact would be tried summarily, and could not be submitted to a jury.

II. The appellee's counsel has correctly urged, that if the second error assigned could prevail, a partner residing out of the parish in which the firm is established could never be a jury.

EASTERN DIST. sued in that parish, under the Code of Practice, art. 165, as
*April*, 1839.  it would be sufficient for him to allege his residence out of
SOEY'S HEIRS  the parish in order to disable the court to act on his liability
*vs.*  as a partner.
SOEY'S CURATOR.
Commercial      III. The defendants filed separate answers, and the appel-
partners may all
be sued in the  lant did not pray for a jury; the exception, therefore, was
parish in which
they conduct  properly heard with the merits.
their business,
although one of
them resides and      It is, therefore, ordered, adjudged and decreed, that the
is domiciliated
in a different pa-  judgment be affirmed, with costs.
rish.