Morpiit, J.
delivered the opinion of the court.
This action is brought by the payee of a promissory note against the maker. The answer admits the defendant’s signature, but sets up a claim in re-convention for a larger sum than the amount of the note, and demands judgment for the balance. There was below a nonsuit as regards the plea in reconvention, and judgment in favor of plaintiff on the principal demand. The defendant appealed.
[87] The only point presented for decision in this case is whether the judge properly ruled defendant to trial. Her counsel moved for a continuance and showed for cause that shortly before the trial came on he had made an affidavit of the materiality of a witness in Mexico, for the purpose of obtaining a commission; It does not appear that the commission applied for was taken out, interrogatories served on the plaintiff, or any other step taken than the making of this affidavit. The judge was of opinion that it was insufficient because it did not show that the witness, whose testimony was sworn to be material, had departed from this city before the institution of the suit; and that due diligence had been used to obtain the testimony. We but seldom interfere with the decisions below on questions of this sort; the courts of the first instance have better opportunities than we can have of deciding them correctly; and although we cannot perceive evidence of any absolute want of diligence on the part of defendant, yet when an unliquidated demand, in support of which evidence must be procured abroad, is set up in opposition to a claim on a note of hand, the party praying for a continuance must bring himself strictly within the rules of law and the regulations of the courts. The appellee has prayed for damages; we think that none should be awarded in this case. The record has been filed in this court on the 25th of last month; if delay was the only object of the appellant, as is contended, she has been unsuccessful in obtaining it, and we can allow only such damages as may be equivalent to the loss sustained in consequence of such delay.
The judgment of the parish court is therefore affirmed, with costs.