## Case No. 6,304.

### In re HEATH et al.

[7 N. B. R. 448.] [1]

District Court, S. D. New York. 1873.

BANKRUPTCY—DISCHARGE—EXAMINATION.

The fact that the bankrupt has received his discharge more than two years ago is not a good objection to his being examined in accordance to the requirements of section 26 of the bankrupt act [of 1867 (14 Stat. 529)].

[Cited in Re Dole, Case No. 3,965.]

[In bankruptcy. In the matter of Heath and Hughes.]

By the Register:

I, Henry Wilder Allen, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following questions arose pertinent to the proceedings and were stated and agreed to by the counsel for the opposing parties, to wit: Mr. H. S. Pennett, who appeared for Mr. Hughes, the bankrupt, and Mr. Thomas M. North, who appeared for the assignee in bankruptcy.

On the application of said assignee an order was duly obtained and served on the 25th day of January, 1872, requiring the said bankrupt to attend before me on the 29th day of January, 1872, to submit to the examination required by the twenty-sixth section of the bankrupt act of March 2d, 1867. The bankrupt, by advice of counsel, declined to be examined under said order on the ground that he had obtained his discharge in bankruptcy more than two years ago, and the said parties requested that the same should be certified to the judge for his opinion thereon.

BLATCHFORD, District Judge. I do not think that the fact that the bankrupt has been discharged is a good objection against his being examined at all under the order in question.

## Case No. 6,305.

### HEATH v. AUSTIN.

[12 Blatchf. 320.] [2]

Circuit Court, S. D. New York. Sept. 11, 1874.

REMOVAL OF CAUSES—CITIZENSHIP—BURDEN OF PROOF.

A defendant in a suit brought in a state court of New York removed the suit into this court, on the ground that, being a citizen of Connecticut, he had been sued by a citizen of New York. The plaintiff moved to remand the cause to the state court, on the ground that the defendant was not, in fact, a citizen of Connecticut: Held, that, on the question of such citizenship of the defendant, the affirmative was with the defendant; that, where he was a permanent resident and citizen of Connecticut down to a period shortly prior to the commencement of the suit, the presumption was, that such permanent residence and citizenship continued, until it was shown to be changed; that, where the cause was removed on the defendant's oath as to the jurisdictional fact of such residence and citizenship, it was not enough for the plaintiff to raise a doubt in the question; and that, the proceedings for removal being regular, and the question raised by the plaintiff being fairly disputed, it was not a proper practice to remand the cause on motion.

[Cited in Mackaye v. Mallory, 6 Fed. 751; Filer v. Levy, 17 Fed. 610.]

[This was a suit by Eugene A. Heath against Theodore P. Austin. The suit was originally brought in a court of the state of New York, and was removed to this court by the defendant, Theodore P. Austin. Plaintiff moves to remand.]

Isaiah T. Williams and Royal S. Crane, for plaintiff.

Elihu Root, for defendant.

BLATCHFORD, District Judge. The motion of the plaintiff to remand this cause to the state court must be denied.

(1.) On the question as to whether, at the time this suit was commenced in the state court, the defendant was a resident of Connecticut in such sense as to make him a citizen of that state, the affirmative is with the defendant, as essential to the right to remove the cause, and to the jurisdiction of this court. On the evidence presented, the defendant has successfully maintained such affirmative. It is undisputed that he was a permanent resident and citizen of Connecticut down to a period shortly prior to the commencement of this suit. The presumption is, in such a case, that such permanent residence and citizenship continues, until it is shown to be changed. There is no satisfactory evidence to show a permanent change of residence by the defendant, animo manendi.

(2.) The cause was regularly removed into this court, on the defendant's oath as to the jurisdictional fact of residence and citizenship in Connecticut. At most, the plaintiff raises a doubt only, on that question. In such a case, the jurisdiction is to be maintained, as the act of congress makes such oath prima facie evidence of the jurisdictional fact.

(3.) Being regular in his proceedings for removal, the defendant, on this motion, fairly disputes the claim that he was not, when the suit was commenced, a resident and citizen of Connecticut. In such case it is not a proper practice to remand the cause on motion. Dennistoun v. Draper [Case No. 3,804]; Galvin v. Boutwell [Id. 5,207].

---

[1] [Reprinted by permission.]

[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]