## No. 5158.

### Ferdinand M. Goodrich vs. Logan Hunton.

The order of a State court transferring a case before it to the circuit court of the United States may be appealed from.

Under the judiciary act of 1789 a suit is removable from a State to the Federal court, when the Federal court has jurisdiction of it, only on the application of the defendant, who is a citizen of another State, or is an alien, made at the time he files an appearance, and when the plaintiff in the suit is a citizen of the State wherein the suit is brought.

Under the said act of 1789 only an *original* suit, pending in a State court, is removable to the Federal court. Hence a suit brought in a State court to annul a judgment of that court, or to restrain its execution, being only an auxiliary suit, is *not* removable.

A Federal court is without jurisdiction to enjoin proceedings in a State court, and therefore, no suit pending in a State court, whose object is to enjoin the execution of a judgment of that court, is removable to the Federal court.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J.

*George L. Bright* and *Barrow & Pope*, for plaintiff and appellant.

*J. Ad. Rozier*, for defendant.

The opinion of the court was delivered by

Marr, J.    This suit was brought in the Fourth District Court for the parish of Orleans to have declared a nullity a judgment of that court in favor of Logan Hunton against Goodrich, and to prevent, by injunction, the enforcement of that judgment.

On the third of February, 1874, a few days after he was cited, Hunton filed a petition, with sufficient bond, praying for the removal of the suit into the circuit court of the United States, alleging that he was a citizen of the State of Missouri, and that Goodrich was a citizen of the State of Louisiana. The case was removed, and Goodrich appealed from the order of removal. His right to do so is beyond question.

Counsel for appellee state in their printed brief that the case was properly removable under the act of Congress approved twenty-seventh of July, 1866. In this they are clearly mistaken. No reference is made in

the petition to any special law under which the removal is demanded, but there are allegations in the petition which indicate the intention to bring the case within that act. Although the right may not be prejudiced by such error or omission where the case stated falls within any act of Congress authorizing the removal, it is nevertheless necessary to ascertain the law to which it is subject.

Prior to the passage of the act of the third of March, 1875, there were but three general laws allowing the removal of suits from the State courts into the circuit courts of the United States: the act of the twenty-fourth of September, 1789, commonly called the judiciary act; the act of the twenty-seventh of July, 1866; and the act of the second of March, 1867, known as the "prejudice or local influence" act. In analyzing these acts no reference will be made to aliens, because the case with which we are dealing is one in which all the parties are citizens of the United States, and no mention of the amount in dispute is necessary, because it is sufficient in this case to give jurisdiction to the circuit court.

The act of the twenty-seventh of July, 1866, is applicable to those cases alone in which there are at least two defendants, and the requisites for removal are:

First—That the suit be brought in a State court by a citizen of that State.

Second—That one of the defendants be a citizen of the State in which the suit is brought and the other defendant be a citizen of another State.

Third—The suit must be instituted or prosecuted for the purpose of restraining or enjoining such defendant, citizen of another State.

Fourth—Or, the requisites one and two concurring, it must be a suit in which there can be a final determination of the controversy, so far as it concerns the defendant citizen of another State, without the presence of the other defendants as parties in the cause.

These conditions existing, the defendant, citizen of a State other than that in which the suit is brought, may, at any time before the trial or final hearing of the cause, file a petition for the removal * * * as against him, * * * without prejudice to the right of the plaintiff to proceed in the State court against the other defendant or defendants. Statutes at large, 1865–66, pages 306, 307.

Before the passage of this act, there was no law authorizing a defendant, who, if he had been sued alone, might have removed the suit into the circuit court, to demand the removal when there were other defendants, citizens of the State in which the suit was brought, and the precise object of the act was to supply this deficiency in the existing laws.

In this case there is but one plaintiff, Goodrich, and but one defendant,

Hunton. The essential requisite, a suit by a citizen of the State in which it is brought, against a citizen of that State and a citizen of another State, is wanting; and the right of removal can not be claimed, nor can it be maintained under this act.

The act of the second March, 1867, is applicable to those cases alone in which the party, plaintiff or defendant, who desires to remove the suit files his affidavit in the State court, before the final hearing or trial of the suit, stating that he has reason to and does believe that, from prejudice or local influence, he will not be able to obtain justice in such State court.

Manifestly, the case does not fall within the terms of this act; and the act of third March, 1875, can not be invoked, because it was passed more than a year after the order of removal was granted. ·The right of removal, therefore, depends solely upon the act of 1789, section twelve, subject to the limitation imposed by the act of second March, 1793, section five.

The requisites under the act of 1789 are : That a suit involving the required amount be COMMENCED in a State court, by a citizen of that State, against a citizen of another State; and that the defendant, at the time of entering his appearance in the State court, file his petition praying for the removal. This right belongs to the defendant alone; and it can not be claimed by the plaintiff by whom the suit was commenced, no matter what may be the citizenship of the parties.

The record does not show that Hunton made any appearance in the State court, except to present and insist upon his petition for removal; and his citizenship and that of Goodrich are not questioned. A proper case, therefore, is made out for removal, if the proceeding be one of which the circuit court could take jurisdiction.

The objects of this proceeding are—

First—To have the judgment of the Fourth District Court reviewed by that court and declared a nullity for want of jurisdiction. In this respect it is in the nature of a writ of error *coram nobis*.

Second—To have Hunton enjoined *pendente lite* and perpetually from executing that judgment in any manner.

First—In Dunn vs. Clark, 8 Peters, 1, Graham, a citizen of Virginia, obtained a judgment at law in the United States Circuit Court for the District of Ohio against citizens of that State. After the death of Graham the defendants in that suit filed a bill in equity in the same court, praying for an injunction against that judgment. All the complainants and all the defendants in that bill were citizens of Ohio, and the circuit court would have been utterly without jurisdiction on the face of the bill if the proceeding had been an original suit. The Supreme Court said:

"The injunction bill is not considered an original bill between the same parties at law."

Several persons were made defendants to the bill who were not parties to the suit at law, and the court held with respect to them that it was an original bill. Nevertheless, the court below was ordered to stay proceedings on the judgment at law until the complainants could have time to seek relief in the State court. If the court had regarded this as an original bill, the want of jurisdiction would have been so evident that no decree could have been rendered but one of dismissal.

In Freeman vs. Howe, 24 Howard, 460, the rule is thus stated by Justice Nelscn: "The principle is that a bill filed on the equity side of the court to restrain or regulate judgments or suits at law in the same court, and thereby prevent injustice or an inequitable advantage under mesne or final process, is not an original suit, but ancillary and dependent, supplementary merely to the original suit out of which it had arisen, and is maintained without reference to the citizenship or residence of the parties."

Judge Nelson took occasion to say in this case, with reference to Dunn vs. Clark, in 8 Peters, the leading case, that, "It would seem, from a remark in the opinion, that the power of the court upon the bill was limited to a case between the parties to the original suit. This was probably not intended, as any party may file the bill whose interests are affected by the suit at law."

The meaning of the court is, and we think this is settled beyond question by uniform jurisprudence, that a proceeding to enjoin a judgment, brought in the court which rendered that judgment, is not an original suit, in any sense, where all the parties were parties to the original suit.

In Bank vs. Turnbull, 16 Wallace, 195, the bank, under a judgment against Thomas, seized property which Turnbull & Co. claimed as owners. An issue was made to try the right of property before a jury; but Turnbull & Co. removed the case into the circuit court under the act of the second of March, 1867.

The Supreme Court said this proceeding was merely auxiliary to the original action; "a graft upon it, and not an independent and separate litigation. The proceeding was necessarily instituted in the court where the judgment was rendered. No other court, according to the statute of Virginia, could have taken jurisdiction. That it was only auxiliary and incidental to the original suit is, we think, too clear to require discussion."

The case was remanded to the circuit court, with instructions to remand it to the State court for want of jurisdiction in the Federal court.

By our law an action to enjoin and annul a judgment must be brought before the court by which it was rendered when the only parties are the

plaintiff and the defendant in the original suit, and no other court has jurisdiction. Code of Practice, articles 604, 610; see cases cited, Hennen's Digest, vol. 1, "Judgment" xi. (c).

We think this action is auxiliary, incidental, supplementary to the original suit, and that it could not be removed into the circuit court, because that court could not take jurisdiction of the original suit.

There is a marked distinction between the phraseology of the act of 1875, which was intended to control the entire subject of removal from the State courts into the circuit courts, and that of the act of 1789. The act of 1875, where the necessary conditions exist, authorizes the removal by either party of "any suit of a civil nature at law or in equity." What may be the precise meaning and effect of this act we are not now called on to decide, and we refer to it merely to show the difference and to say that decisions under it have no application to this case, which falls under the dominion of the act of 1789.

The language of this act, section twelve, is: "If a suit be COMMENCED, etc., by a citizen of a State, etc., against a citizen of another State," etc. This statute looks to the *commencement* of the suit, to the original proceeding, and it provides for the removal of that original proceeding, and not of an auxiliary, or incidental, or supplementary proceeding, in the same court, between the same parties, which is but a continuation of the original proceeding.

In this case the original suit was brought by a citizen of Missouri against a citizen of Louisiana, in a court of the State of Louisiana, and, of course, under the act of 1789, it could not be removed into the circuit court by the mere terms of the law. The proceeding in the same court, between the same parties, to annul and to prevent the execution of that judgment was not a separate, independent, original suit; it was not the *commencement* of a suit; it was the continuation by a supplementary auxiliary proceeding of a suit which had been *commenced* years before, and it could not be removed, as was expressly decided in the Bank vs. Turnbull & Co., 16 Wallace.

Second—Jurisdiction with reference to a special case means power, authority, competency to pass upon all the questions which legitimately arise in the case; and if, in any given case, a court can not hear and determine all the matters in controversy it has not jurisdiction of that case.

A wise appreciation of the necessity of avoiding as far as possible conflicts and collisions between the Federal and the State judiciary induced the Congress in 1793 to forbid the Federal courts to grant "a writ of injunction to stay proceedings in any court of a State." Act of the second of March, section five.

In Diggs & Keith vs. Wolcott, 4 Cranch. 179, a suit in equity was

brought, in a State court of Rhode Island, praying a perpetual injunction of certain proceedings at law in a court of the same State. The suit was removed into the circuit court of the United States, and a decree rendered perpetuating the injunction as prayed for. On appeal, the Supreme Court of the United States reversed the decree on the single ground that the circuit court had no jurisdict: n to enjoin proceedings in any court of a State.

This decision was approved and affirmed in Peck vs. Jenness, 7 How. 625, and quite recently in Harris vs. Carpenter, which was a bill in equity in the circuit court at New Orleans to enjoin the defendants from prosecuting certain suits in the State courts. The circuit court, applying section five of the act of 1793, dismissed the bill on demurrer, and this decision was affirmed by the Supreme Court. October term, 1875; 1 Otto, 254.

If it be conceded that the circuit court could take jurisdiction of so much of this proceeding as involves the nullity of the judgment, which we do not admit, it is not possible to claim for that court the right, the power, to enjoin, either *pendente lite* or perpetually, further proceedings in the State court on that judgment. The jurisdiction of a court depends on the case made by the pleadings, not upon the decision which the court may render on the hearing. If the testimony and the law applicable to it should make out a case entitling Goodrich to a judgment annulling the original judgment and perpetually enjoining further proceeding on that judgment, it would be the duty of any court having cognizance of the cause so to order and adjudge; and the court which has not the power, the court which is forbidden by law so to decree, has not jurisdiction, and is without authority to hear and determine the cause. That the circuit court has no such power, that it is under positive statutory prohibition to interfere with proceedings in the State courts by injunction, either *pendente lite* or by final decree, is too clear for argument.

We may add that the act of 1793, and the decisions applying and enforcing it, have received legislative sanction in the Revised Statutes of the United States, section 720: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The decision in Gaines vs. Fuentes, 1 Otto, is not applicable to this case, from which it differs widely. In that case the original proceeding was the *ex parte* application of Mrs. Gaines to have the will of her father probated. Years after, strangers to that proceeding, against whom Mrs. Gaines was using this will as a muniment of title, brought suit to recall the order of probate, and to annul the will. Mrs. Gaines demanded the removal of the case under the act of the second of March, 1867. The

Supreme Court of the United States said this was a new suit; essentially a suit in equity, and not a mere continuation of the *ex parte* proceeding in which the will had been admitted to probate. No injunction was asked for in the case, and the right of removal was maintained because it was *a suit* brought in a State court in which there *was* a controversy between citizens of that State and a citizen of another State, and the citizen of the State other than that in which the suit was brought had complied with the requirements of the act granting the removal.

We think the order of removal was improperly granted; that the proceeding was one of which the circuit court could not take jurisdiction, and that the plaintiff is entitled to have the case heard and determined in the State court in which it originated.

It is therefore ordered, adjudged, and decreed that the order appealed from directing the transfer and removal of this case from the Fourth District Court for the parish of Orleans into the circuit court of the United States, Fifth Circuit, in and for the District and State of Louisiana, be avoided and annulled; that the cause be remanded to the Fourth District Court for the parish of Orleans, and be there proceeded with according to law, and that defendant, appellee, pay the costs of this appeal.