## No. 5397.

### DAVID L. RANLETT vs. THE COLLIER WHITE LEAD COMPANY.

When a judgment debtor brings suit in a State court to annual a judgment of that
court against him, and in favor of a non-resident creditor, the latter is not,
under the act of Congress passed in 1789, entitled to an order to remove the case
to a Circuit Court of the United State.

APPEAL from the Fourth District Court, parish of Orleans, *Lynch,*
J.

*Singleton and Browne* for plaintiff and appellant.

*J. Ad. Rozier* for defendant.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff sues to annul a judgment, obtained in
one of the District Courts of this city by the defendant, against the

commercial firm of Dix & Ranlett, of which plaintiff was a member. The defendant, before pleading, filed a petition praying the removal of the cause to the Circuit Court of the United States on the ground that the Company had its domicil in the State of Missouri while the plaintiff was a resident of Louisiana.

A similar application was made in Goodrich & Hunton, which was also an action to annul a judgment, and with which was joined a prayer for an injunction against further proceedings upon the original judgment until the suit for its nullity could be heard. In that case, our decision was based upon that part of the application which demanded the removal because the party was restrained from executing his judgment, and the removal was refused. 29 Annual, 372.

The present suit is divested of that feature, and is an action of nullity pure and simple. The petition for removal was filed in 1874, and is claimed under the act of Congress of 1789.

The action to annul a judgment is a pendant to the original suit, and a consequence of it. In that, the Collier Company sought the jurisdiction of the State Court, and obtained its judgment therein. It was plaintiff, and waiving its right to proceed in the courts of the United States, commenced its action in the courts of the State where its debtors reside. When those debtors, or either of them, attack the judgment rendered against them in the tribunal that rendered it, and seek to annul it, the original plaintiff has not the right to decline the jurisdiction selected by himself, and compel his debtor to go with him into another forum to test the validity of the judgment obtained by him. The lower Court thus ruled, and we approve it.

The defendant then excepted to the petition of plaintiff, that it discloses no cause of action. The pleadings do not inform us wherein the petition is defective. There is no allegation of the want of any specific ingredient in the complaint of plaintiff, necessary to make it complete, and we are left to conjecture and ascertain what it may be. We discover none.

Whether the alleged grounds of nullity are sufficient to warrant the judgment which the plaintiff asks, and whether the co-defendant, Dix, in the original suit should have been a party to this, are matters for subsequent inquiry. At present, and with the pleadings before us, we have only to reverse the judgment of the lower court which sustained the exception to the petition because it disclosed no cause of action, and dismissed the suit, in doing which the judge was equally reticent with the pleader as to the defects that vitiated the petition.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is reversed, and the cause is remanded thereto to be proceeded with according to law, the defendant paying costs of appeal.

Ranlett vs. the Collier White Lead Company.

ON APPLICATION FOR REHEARING.

MARR, J.  Appellant was a member of the commercial firm of Dix & Ranlett, which had its domicile at New Orleans.  This partnership was dissolved in 1859 or 1860 ; and in 1861 appellant removed to the parish of Jefferson where he resided continuously nntil 1865 or 1866.  In January, 1864, suit was brought against him, as a member of the late firm of Dix & Ranlett, by the Collier White Lead and Oil Company, in one of the District Courts of the parish of Orleans ; aud judgment was taken against him by default, which was confirmed in June, 1864.  He demands, in this suit, the nullity of that judgment, for want of jurisdiction.

The appellee, in whose favor the judgment thus attacked was rendered, excepted on the ground that the petition disclosed no cause of action.  The allegations of fact, on which appellant's action is based were not traversed : they are admitted to be true, and must be taken to be true for the purposes of this exception.

By the general law of Louisiana suit must be brought in the parish in which defendant has his domicile, if he reside in the State.  C. P. arts. 129, 162.  There are exceptions to this rule, one of which is that "in matters relative to partnership, as long as the partnership continues, in all suits concerning it, the parties must be cited to appear before the tribunal of the place where it is established."  C. P. art. 165, no. 2.

On the allegations of the petition the presumption would be that the court which rendered the judgment complained of was without jurisdiction, unless some fact appears which prevents that presumption, and takes the case out of the general rule.  No reasons are assigned for the judgment maintaining the exception ; but the argument of counsel for appellee in this Court, rests upon the hypothesis that the partnership continued in 1864 for the purpose of liquidation, although it was dissolved in 1859 or 1860 ; and that the partners were subject to the jurisdiction of the Court of the place of the social domicile, without regard to their residence or domicile.  As there was neither allegation nor proof of any prolongation of the partnership, for any purpose whatever, the judge must have assumed that it continued within the intent and meaning of the C. P. art. 165, no. 2, as a presumption *juris et de jure.*

We think that the decision in Lobdell vs. Bushnell, 24 An. relied upon by counsel for appellee, has been misunderstood and misapplied The case was thus :

Lobdell and Colwell, residing in the parish of West Baton Rouge, Bushnell, who lived in one of the Northern States, and Woodward, who resided in the State of Mississippi, were partners ; and the domicile of the partnership was at New Orleans.  About two years after the dissolution, Lobdell brought suit, in one of the courts of New Orleans,

for a settlement of the partnership. Bushnell was found at New Orleans, and was cited personally; a curator *ad hoc* was appointed for Woodward and was cited in his stead; and Colwell was cited in his parish. Colwell excepted to the jurisdiction; and his exception was maintained on appeal. A rehearing was granted; and the first decision was set aside, and the exception was over-ruled. The Court said:

"The partnership, although dissolved, still continued for the purposes of liquidation, and a partition of the gains. And we think the partners may be sued at the domicile of the partnership for such purposes." 24 An. 696, 697.

There was, in reality, no occasion for the enunciation of this proposition. Bushnell did not reside in the State; and he was properly cited where he was found: C. P. art. 165, no. 5: and the Court thereby acquired jurisdiction as to him. The partners were not bound *in solido;* they were joint obligors, liable jointly to the complaining partner for his share of the gains; and all of them were necessary parties to the suit, as the Court well observed. *Ex necessitate* the court which acquired jurisdiction with respect to one of them was vested with jurisdiction as to all of them; and it could not have proceeded to judgment without. having them all made parties. R. C. C. 2085; Faurie vs. Millaudon, 3 N. S. 478.*

In support of that part of the opinion just quoted the Court cited 3 N. S. It should have been 6 N. S., 188: 6 La., 685: and 13 La 484.

In the first of these cases, Dufau vs. Massicot's heirs, Dufau, Massicot, and Wiltz were partners; and Dufau brought suit against Massicot's heirs to recover Massicot's share of the debts of the partnership paid by Dufau. Wiltz was not a party to this suit. The Court decided that the share of the debts of the partnership due by one of the partners could not be judicially established without having all the partners before the Court: that is, a partnership can not be liquidated in a suit in which all the partners are not parties.

In the second case, Lincoln vs. Ball's executors, some of the partners brought suit against the executors of a deceased partner, for liquidation. Another of the partners was dead; and his representatives were not made parties. The Court decided that in a suit for the liquidation and settlement of partnership transactions and accounts all the partners must be parties, either as plaintiffs or defendants.

In the third case, Cutler vs. Cochran, suit was brought, after the dissolution, by one of the partners for the use of himself and the other partners, on a note payable to the partnership. The Court decided that all the partners must join in the suit.

---

* By act of 1870, No. 103, published in Acts of 1871, p. 18, joint obligors may now be sued separately, and judgment obtained against each for his share.

It was in this case that Judge Martin said: "On the dissolution of a commercial partnership, by mutual consent, the partnership continues for the purpose of liquidation ; but as, during its existence, all the partners must join in a suit against its debtors, although either of the partners might receive payment of the debt, so, after the dissolution, an individual partner, notwithstanding he may still receive payment, can not institute suit without joining his co-partners."

This suffices to show the restricted sense in which Judge Martin understood that a partnership continues after dissolution. The several partners become, by the dissolution, in the absence of a different agreement and provision, and where it has not become necessary to provoke the appointment of a receiver by judicial authority, equal administrators of all the property and effects of the partnership, and liquidators of its affairs. Their interest in all the property assets of the partnership still continues, and their liability to the creditors of the partnership remains unchanged, notwithstanding the dissolution. This seems to be all that is meant by what Lindley, in his work on Partnership, side page 332, characterizes as a loose statement, " that a partnership which is dissolved is, nevertheless, deemed to continue so far as may be necessary for winding up its affairs." See Story on Partnership, ? 325 : Collyer, ? 118 : Kent's Com. 3. side pages 56, 64 : Crawshay vs. Collins, 15 Ves. 227 : Lyon vs. Haynes, 5 Manning & Granger, 541 ; Troplong, Société, 2, p. 467, no. 1000.

Our attention has not been called to the decision of a court of the State of Louisiana, to the effect that, after the dissolution of a partnership, the several partners who reside in parishes different from that in which the partnership was established, may be sued for debts of the partnership in the parish of the social domicile. Certainly no such thing was decided in Lobdell vs. Bushnell, nor was any such question presented to the Court in that case.

When a partnership is dissolved that juridical being, that ideality no longer exists ; and it can not be said to continue in the individuals who composed it, or in the liquidators chosen by them, or in the receivers judicially appointed, in any other or different sense than a deceased natural person could be said to live in his heirs, or executors, or administrators. On the dissolution, the several partners become subject to the general laws, which were suspended with respect to them so long as the partnership continued, in all suits concerning the partnership. All the partners in a commercial partnership are liable *in solido* for the debts of the partnership ; and when the partnership is dissolved, that liability may be enforced against them singly and individually. See David vs. Eloi, 4 La. 107. Lambeth vs. Vauter, 6 Rob. 127.

In Hobson vs. Whittemore, 13 La. 422, it was held that, during the

existence of the partnership, all the partners, defendants, must be cited before the court of the social domicile ; and that the plea of domicile in another parish by one of them was of no avail.

In Black vs. Savory, 17 La. 86, it was decided that after a dissolution, two of the partners, who lived in a parish different from that of the social domicile, might be sued in the parish of their domicile, for a debt of the partnership.

In whatever sense, therefore, it can be said that a partnership continues for the purpose of liquidation notwithstanding the dissolution, it is not true in the sense that they must be, or that they can be cited to appear before the tribunal of the social domicile, at the suit of creditors of the partnership, when they reside in other parishes. Obligors *in solido* are amenable, each, to the jurisdiction of the tribunal of their respective domiciles ; and as each may be sued alone for the entire demand, neither reason nor authority requires that they should be pursued in the tribunals of other parishes.

, We should not have deemed it necessary to go into this discussion but for the stress which has been laid upon the decision in Lobdell vs. Bushnell ; and the manifest misinterpretation which has been put upon it.

The rehearing is refused.