WEBB (TARR v.). See Case No. 13,757.

WEBB (UNITED STATES v.). See Case No. 16,655.

WEBB (WASHINGTON v.). See Case No. 17,237.

## Case No. 17,326.
### WEBBER v. HUMPHREYS.

[5 Dill. 223; 8 Reporter, 66; 8 Cent. Law J. 417; 20 Alb. Law J. 78; 26 Pittsb. Leg. J. 204.] [1]

Circuit Court, E. D. Missouri. April, 1879.

REMOVAL OF CAUSES—WHAT IS A SUIT AT LAW OR IN EQUITY?

A motion, under the Missouri statute as to corporations, for execution against a stockholder cannot be removed to the federal court. It is not a "suit at law or in equity," within the meaning of these words as used in the statutes giving the right of removal of causes from state to federal courts.

[Cited in Petters v. Georgia Railroad & Banking Co., Case No. 11,048; Buford v. Strother, 10 Fed. 408; Pratt v. Albright, 9 Fed. 637; Filer v. Levy, 17 Fed. 613; Wol-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 8 Reporter, 66, 20 Alb. Law J. 78, and 26 Pittsb. Leg. J. 204, contain only partial reports.]

cott v. Aspen Mining & Smelting Co., 34 Fed. 823; Lackawanna Coal & Iron Co. v. Bates, 56 Fed. 738.]

[Cited in brief in Wilson v. St. Louis & S. F. Ry. Co., 108 Mo. 588, 18 S. W. 288, 291.]

At law.

Mr. Wieting, for the motion.
Mr. Shepley, contra.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge (orally). This is a motion by Webber to remand the case to the state court. Strictly, it should have been in the form of a motion to dismiss. It appears upon the record filed in this case that Webber some time since recovered a judgment against this corporation, known as the Illinois and St. Louis Bridge Company, for a considerable sum of money. It also appears that an execution has been issued on that judgment and returned nulla bona. That judgment was recovered in the circuit court of the state for the city of St. Louis, and the execution on the judgment issued out of that court. When the execution was returned, the plaintiff in the judgment made a motion for execution against, among others, Solon Humphreys, alleging that he was the holder of a large number of shares of the stock of this corporation, and that those shares had not been fully paid. That motion was based upon this clause of the statute of the state of Missouri (1 Wag. St. p. 291, § 13), occurring in the chapter on corporations: "If any execution be once issued against the property and effects of a corporation, and there cannot be found whereon to levy such execution, then such execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon." The double liability having been repealed in 1870, the present attempt is to compel Mr. Humphreys to pay the amount alleged to be due on his stock as a debtor of this corporation. Substantially, when we arrive at the essence of this proceeding, the idea is this, that Mr. Humphreys, as the holder of unpaid stock, is a debtor to the corporation, and creditors of the corporation have a right to subject that debt to the payment of their claims. This provision, that execution may issue against the stockholder of an insolvent corporation on the return of nulla bona, is accompanied by this proviso, viz.: "Provided, always, that no execution shall issue against any stockholder except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after sufficient notice in writing to the persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly." When proceedings of the character above named have been had, an execution issues against

the stockholder to enforce his liability to pay. Such a motion was made in the circuit court of the state in which this judgment was rendered, and notice was given to Mr. Humphreys that an application would be made for an execution against him under this statute. He filed an application to remove the case as made by this motion to this court, alleging everything that was necessary to entitle him to a removal, so far as citizenship and value are concerned.

The question is whether a motion of this kind may be removed. Of course, that question depends on a true construction of the acts of congress in that regard. From the earliest legislation on this subject down to the present time, the nature of the cases that may be removed has been described substantially in the same language. In the 12th section of the original judiciary act [1 Stat. 73], in the act of 1866 [14 Stat. 306], in the act of 1867 [Id. 558], known as the "Local Prejudice Act," and in the broad and comprehensive act of 1875 [18 Stat. 470], also in the Revised Statutes, where the earliest enactments are embodied, the language as to value is: "Any suit wherein the amount in dispute exceeds the sum or value of $500;" and in the act of 1875 (section 2), descriptive of the cases which may be removed, it is stated that "any suit of a civil nature, at law or in equity, in which the amount in dispute exceeds the sum of $500," may, under certain prescribed conditions, be removed.

The suit must be one of a civil nature, at law or in equity. This is a proceeding against Mr. Humphreys to compel him, under this statute of Missouri, to pay for his stock. If it is a civil "suit at law or in equity" within the meaning of the act of 1875, he is entitled to have it removed; if not, he is not thus entitled.

In the case of West v. Aurora, 6 Wall. [73 U. S.] 139, Chief Justice Chase said: "A suit removable from a state court must be a suit regularly commenced by a citizen of the state in which the suit is brought, by process served upon the defendant who is a citizen of another state, and who, if he does not elect to remove, is bound to submit to the jurisdiction of the state court." This undoubtedly expresses the general rule. There are several other cases reported which have some bearing on the present case, and the substance of them in this regard is substantially this: that it is the main suit or controversy between the parties that is removable, and not a mere sequence or dependency of a suit. On the circuit there is reported a decision (Chapman v. Barger [Case No. 2,-603]), arising under the statutes of Iowa, as to the rights of an "occupying claimant." It had the approval of all the judges of that circuit court, including Mr. Justice Miller. That case, in substance, was this: The Iowa statute provides that where, in an action of ejectment, the plaintiff recovers a judgment for the property against the defendant hold-

ing the property in good faith and under color of title, and the unsuccessful defendant has made improvements, no execution shall issue to put him in possession if the defendant, in a given time, files a petition in the case, asking to be allowed the value of his improvements. Such a judgment was rendered in a state court against a party, and in due time he filed a petition—the unsuccessful defendant in the ejectment suit—for an allowance for his improvements, and the plaintiff in the ejectment suit thereupon applied to remove the case to the federal court, and the question was whether the contest between him and the defendant in respect to the value of the improvements was cognizable on that removal by the federal court. We held that the petition of the occupying claimant could not be removed. In that case the court says: "We hold that the petition of the occupying claimant cannot be removed, as, under the Iowa statute and decisions of the supreme court of the state, it is essentially part of and ancillary to the main suit. The main suit is at an end, and a judgment has been rendered therein in the state court. That judgment must remain in the state court; it cannot be brought here. The petition of the occupying claimant—whose rights are wholly statutory—is a dependency of the main suit, and cannot be separately removed. Under the legislation of Iowa in respect of occupying claimants, as construed by the state supreme court, and in view of the relief to which each party is entitled, it is apparent that the rights of the parties must be adjudicated in one and the same court." An apparent exception to this principle is presented in the case of Patterson v. Boom Co. [Id. 10,829]. It was decided in that case that a suit in the state court between a land-owner and an incorporated company exercising the right of eminent domain, where the question to be tried was the value of the land, was a suit of such a nature as could be removed to the federal court, although the proceeding in its inception was an appraisement by commissioners appointed under the charter of the company. The legislation in Minnesota, under which that case arose, is peculiar. It provides that when a condemnation is had, if the owner is dissatisfied, he may take an appeal from the sheriff's jury, or whatever the local inquisition is, to the court of the state; and provides, further, how it shall be conducted—that one party shall be the plaintiff and the other the defendant, and that the only question to be tried shall be the amount of damages. It was decided, under those circumstances, that the case was removable; and within the past few weeks the supreme court of the United States has affirmed that decision. The supreme court of New Hampshire (55 N. H. 351) has decided a point somewhat analogous—to the effect that a garnishee or trustee holding credits, etc., joined as defendant for that purpose, is not within the

removal acts, and cannot transfer the case as to himself, but only as between the principal parties in the suit.

The statute of Missouri on the subject of corporations, in furnishing a remedy for creditors, makes a provision, in the 13th section, that, if the corporation becomes insolvent, and a judgment is recovered against it in the courts of the state, and an execution is returned nulla bona, any creditor of that corporation may have execution against any stockholder in the corporation, to collect from that stockholder the balance which he may owe on his stock. That is one of the remedies which the statute of Missouri provides in respect to the liabilities of the stockholders and the rights of creditors of corporations.

In this case the creditor obtained his judgment against the corporation in the state court, and that court issued an execution thereon. This is simply a proceeding to enforce these provisions of the statutes of Missouri in regard to the liabilities of stockholders. This is not an independent suit; it is a mere sequence, dependency, or supplemental proceeding, based on the state statute, as a means of enforcing the judgment of the state court. It is our opinion, therefore, that this proceeding cannot be removed into this court. As well might it be attempted to remove proceedings under an execution upon a judgment in the state court. The state court refused to enter an order for removal, and the stockholder filed a transcript of the case so far as to bring before us this question.

The proper entry to make is simply an order to dismiss the case.

Case dismissed.