## FILER and others *v.* LEVY.[1]

*(Circuit Court, W. D. Louisiana.* 1883.)

1. JURISDICTION—CITIZENSHIP—MOTION TO REMAND.

   The question,whether or not this cause is a suit in which there exists a controversy between citizens of different states, is not an issue which can be raised and judicially determined on the trial of a motion to remand the case to the state court.

2. SAME—PLEA—EQUITY RULE 31.

   When the pleadings show jurisdiction, as in the instant case, the question of citizenship can only be brought to the attention of the court by a plea duly filed and sworn to according to rule 31, Rules of Practice in Equity. *Hoyt* v. *Wright,* 4 FED. REP. 168; 12 Blatchf. 320; 6 Blatchf. 130.

3. SAME—SUIT BY EXECUTOR, LEGATEE, AND PARTNER.

   A suit originally instituted in the state court by an executor, legatee, who also sues as the agent of other legatees, non-residents, claiming a sum of money from a liquidating partner as due to the succession of his deceased partner, is not an action merely incidental to the settlement of the succession of the deceased partner; is not an action which is supplemental to nor auxiliary of any pending proceeding in such succession, nor in any sense an ancillary suit; but is a separate, distinct, and independent suit, purely within the provisions of the federal judiciary act of 1875, and is properly removed to this court on the application of either party litigant.

4. SAME—SUBJECT-MATTER OF SUIT—ACT OF 1875.

   The judiciary act of 1875 does not declare what particular subject-matter shall or shall not enter into the controversy sought to be removed; hence it is not within the province of the state or federal courts to say that a suit in equity, where there is a controversy between parties of different citizenship, cannot be removed because of its peculiar subject-matter.

5. SAME—BONDING IN PROBATE COURT.

   The fact that the liquidating partner gave bond in the probate court of the state, or that he is an officer of such court, might affect this court's jurisdiction *ratione materiæ* to entertain the suit originally, but these facts are of no consequence in considering the motion to remand.

6. SAME—REMOVAL OF PROBATE PROCEEDINGS.

   This court has jurisdiction of *suits* in what are called probate proceedings, when properly removed to it from the state court.

   *Suits* and *proceedings in rem* defined.

On Motion to Remand.

*Alexander & Blanchard,* for plaintiff.

*Land & Land* and *R. I. Looney,* for defendant.

BOARMAN, J. Lazarus Bodenheimer, a member of the commercial partnership of Levy & Bodenheimer, died, leaving a large estate in the partnership. In his will he appointed William Filer and Simon Levy executors, and Simon Levy also qualified, as liquidating partner. Levy having administered the partnership for one year,—the time allowed him for closing up the business,—William Filer, as executor, legatee, and as the agent for other legatees, citizens of New York, sued Levy in the state court. They allege that Levy, having made no final account of his administration of the partnership, has

---

[1] Reported by Talbot Stillman, Esq., of the Monroe, Louisiana, bar.

in his hands, as liquidating partner, a large sum of money belonging to Bodenheimer's succession, and they pray that he be ordered to make a complete account of his said administration and pay over to them whatever sum may be found to be due by him as liquidating partner. Levy, the state court having refused to allow his petition for removal, caused the transcript to be filed in this court. William Filer's counsel moves to remand the case for the following reasons:

"(1) This is not a 'suit at law or in equity,' within the meaning of the acts of congress for the removal of causes; the proceedings sought to be removed not being an independent suit, but simply a sequence, dependency, or supplemental proceeding, based upon the laws and statutes of the state of Louisiana. (2) That the said Simon Levy having applied for the appointment of liquidator of the firm of Levy & Bodenheimer to the state court, and having been appointed by said court, qualified, and given bond as such, all in accordance with the peculiar statute of the state, thereby voluntarily submitted himself to the jurisdiction of said court, and rendered himself amenable solely to the control and jurisdiction of said court, in all matters pertaining to the administration of his said trust as liquidator, and accounting for the same. (3) The same cause was not and is not a suit in which there is a controversy between citizens of different states, for that the said L. Bodenheimer, in his life-time, was a citizen of the state of Louisiana, and said Simon Levy, one of the executors, is, and has at all times been, a citizen of Louisiana; that the minor children of S. Levy, special legatees under the will of L. Bodenheimer, are also residents of the same state; that William Filer, one of the executors, and also a legatee and agent for Bertha and Fanny Filer, and Mary Bodenheimer, legatees under same will, is also a resident of the state of Louisiana, and was such at the date of the application to remove this cause. (4) The condition of said cause, by reason of the decrees and orders already entered in the state court, and now in full force as to the executor, the legatees, the said liquidator, these defendants, and to others, is such that this court cannot proceed in the same manner as if the cause had been originally commenced in this court."

The issue sought to be made in the third ground for removal, as to citizenship, cannot be raised on the trial of this motion. When the pleadings show jurisdiction in this court, as in this case, the question of citizenship can be brought to the attention of the court only by a plea duly filed and sworn to according to rule 31, Rules of Practice in Equity. *Hoyt* v. *Wright*, 4 FED. REP. 168; 12 Blatchf. 320; 6 Blatchf. 130.

If the pleadings here do not disclose a "suit of a civil nature at law or in equity," as contemplated in the act of 1875, then it follows, without considering the matters set up in the second and fourth grounds, the latter of which seems to be outside of the pleadings, and is at best merely supplemental to or argumentative of the position taken in the first ground, that the motion to remand should prevail.

On the other hand, if the pleadings disclose a jurisdictional suit, the court will retain the suit, whatever difficulties may appear to attend its trial in the shape it now comes in.

The plaintiff's demand is that Levy, as liquidating partner, shall make a complete account of his administration of the partnership, and pay over a sum of money due by him, as liquidating partner, to

the succession of Bodenheimer. In the transcript is the opinion of the judge refusing the removal. He rests his judgment on his opinion "that the proceeding sought to be removed is merely auxiliary to the final settlement of the succession, and, being cognizable only in the state court in which the succession was opened, it cannot be removed." In maintenance of this view, that the action brought by Filer is an ancillary suit, he cites the cases reported in 29 La. Ann. 372; 30 La. Ann. 1; Id. 56; 34 La. Ann. 731.

The Louisiana supreme court, in 29 La. Ann. 372, held that a pending suit in a state court, whose object is to enjoin execution of a judgment of that court, is not removable, because it is an ancillary suit. This opinion was reaffirmed in the case of *Watson* v. *Bondurant*, 30 La. Ann. 1. On writ of error this latter case reached the United States supreme court, and in 93 U. S. 281, the court held that the case had all of the elements of a suit in equity, and was properly removed. In 30 La. Ann. 56, the state court held that a pending suit to annul a judgment of the state court, though the federal court had jurisdiction as to parties, was an ancillary suit and could not be removed. But the case in 30 La. Ann. 56, is not in point, because the opinion shows that the removal was sought in the state court prior to the act of 1875. The case cited from 24 La. Ann. 732, will be considered further on.

The right that citizens of different states have to sue each other, in the federal courts, is a constitutional right, for the exercise of which congress has amply provided in the several judiciary acts. "The constitution imposes no limitation *upon the class of cases* involving controversies between citizens of different states to which the judicial power of the United States may be extended; and congress may, therefore, lawfully provide for bringing, at the option of either of the parties, all such controversies within the jurisdiction of the federal judiciary." 92 U. S. 10.

There is nothing in the act of A. D. 1875 that forbids this court to take jurisdiction of *suits*, in what are called "probate proceedings," when the case is removed to it. In *Gaines* v. *Fuentes*, 92 U. S. 10, the court held *that a proceeding* to probate a will was an action *in rem*, and that such proceeding was not a suit, because it did not involve a controversy *between parties*, hence the federal court had no original jurisdiction to try such a proceeding. But congress, in providing for the removal of any pending suit, in the act of 1875, did not deem it necessary to say what particular subject-matter shall or shall not enter into the controversy sought to be removed, and it is not within the province of the state or federal courts to say that a suit in equity, where there is a controversy *between parties* of different citizenship, cannot be removed because of its peculiar subject-matter. It is the fact that there is a suit or controversy *between the parties*, not ancillary to a judgment or pending suit in a state court, that warrants the removal.

In 103 U. S. 485, Justice Woods said:

"Upon the question of removal it is entirely immaterial whether or not the suit, as an original action, could have been maintained in the federal court. In short, no provision of the state law, no peculiarity in the nature of the litigation, which would forbid the United States court from entertaining original jurisdiction, could prevent the removal, provided the case fell within the terms of the statute for the removal of causes. *Railway Co.* v. *Whitton*, 13 Wall. 270; *Ins. Co.* v. *Morse*, 20 Wall. 445; *Gaines* v. *Fuentes*, 92 U. S. 10; *Boom Co.* v. *Patterson*, 98 U. S. 403."

In an action brought in a state court by a legatee for a legacy under a lost will against a sole heir, it was held, though granting the case could not have been originally brought in the federal court, *its subject-matter* did not hinder its removal. *Southworth* v. *Adams*, 4 FED. REP. 1; 92 U. S. 10.

In 34 La. Ann. 731, it was held "that proceedings involving conflicts between heirs, legatees, or creditors of a succession, as well as between parties claiming contradictorily the right of administering the succession, are mere incidents to the settlement of an estate, and as such fall exclusively within the jurisdiction of a court having probate jurisdiction." Let this announcement be admitted, it does not by any means follow, under the jurisprudence of Louisiana, that an action by an executor or legatee, for a sum of money due by a liquidating partner to the succession of his deceased partner, is a mere incident to the settlement of the succession, and is cognizable only in a court having probate jurisdiction. This question was passed upon directly by the supreme court of the state in 31 La. Ann. 156, where it was held by an unanimous court that "the obligation of a surviving partner is an ordinary civil obligation, which must be enforced in the ordinary civil tribunals having ordinary jurisdiction, and is no more cognizable in a probate court than would be any obligation to the succession." Under this opinion of the state court it is clear that there is nothing in the peculiar laws of Louisiana that makes Levy, as he is sued in this case, liable exclusively, solely, or at all to a court having probate jurisdiction; and, if he is indebted to the succession, he must be proceeded against and held in the same way that any other debtor would be.

The fact that he qualified and gave his bond in the state court, or that he may be an officer of the court, as is suggested by the state judge in his opinion, may or may not affect this court's jurisdiction, *ratione materiæ*, to entertain such a suit originally; but such facts appear to me of but little consequence in considering this motion to remand.

It has never beeen contended that congress, in any of the several judiciary acts, intended to invest the circuit courts with powers to control the proceedings in the state courts, or to interfere with their power to execute their own judgments by proper process; nor do I think the act of A. D. 1875 was intended to provide for the removal

of controversies which present only supplemental actions relating to mere modes of execution or relief, and which are inseparably connected with a judgment or pending proceeding in a state court. It is clear enough that these are a class of actions recognized in the jurisprudence of the state, as well as federal courts, that are incidental to, and which are distinguished from, independent or original suits, and the character of such cases is always open to examination, for the purpose of determining, *ratione materiæ,* whether the courts of the United States have jurisdiction to entertain them either originally or on removal. But this class of cases, it will be found, are always of a supplemental character, and inseparably connected with an original suit, judgment, or decree, and relate to some mode of execution or relief, which cannot be transferred to the federal courts without interfering with the proceedings of the state court in which the original action was begun. But where the suit, whatever it may be called, is not merely a mode of relief or execution, but contains an independent controversy, it is equally as clear that it can be removed, because its transfer to the circuit court cannot at all interfere with the powers of, or control the proceedings of, the state court. *Buford* v. *Strother,* 10 FED. REP. 406; 4 Dill. 557; 5 Dill. 223; 99 U. S. 80.

As far as I am informed, by the pleadings and argument of counsel at the time this suit was filed in the state court, there was no suit of any kind pending between Levy, in any capacity, and these plaintiffs, and no suit for or against the succession affecting Levy as liquidating partner. The stages of progress made in the settlement of Bodenheimer's estate appear to be as follows: His will was probated; Levy and Filer qualified as executors; Levy qualified, gave bond, etc., as liquidating partner; and, after the year expired, Filer, as the next and last stage, instituted this suit for the recovery of a debt due the succession. In this summary of its development, to what suit is the action, now under discussion, a sequence? Upon what stock is the demand against Levy for a sum of money grafted? There is no mode of relief or execution asked for which is inseparably connected with any judgment, original suit, or proceeding now in the state court.

This suit being entirely free from such connections, and being between citizens of different states for a claim capable of pecuniary estimation within the jurisdiction of this court, it appears plainly to me that the motion should be denied.