# PEDRO YGLESIAS, Complainant,

## *v.*

# WILLIAM S. MARR, Defendant.

OPINION ON MOTION TO REMAND.

1. A proceeding for damages under the provision of arts. 923 and 927 of the Code of Civil Procedure does not constitute a new suit, but is a mere sequence by way of enforcing the previous judgment. Such a proceeding is merely a continuation of the same suit to obtain the fruit of a judgment.

2. Ancillary proceedings by way of executing a judgment are not removable. Merely supplementary proceedings involving no new controversy with new parties do not fall within the law of removal.

November 19, 1901.

*Mr. T. D. Mott, Jr.,* attorney for complainant.

*Mr. F. H. Dexter,* attorney for defendant.

*Removal of causes.* For authorities bearing on various questions relating to the removal of causes, see the following editorial notes: *Removal of criminal causes into Federal courts from other Federal or from state courts,* note to Jewett v. United States, 53 L. R. A. 568; *Removal to another Federal district for trial of persons there charged with an offense against the United States,* note to Greene v. Henkel, 46 L. ed. U. S. 177; *Stipulation by foreign corporation against removal of cause,* note to Cone Export & Commission Co. v. Poole, 24 L. R. A. 289; *Removal for diverse citizenship, local prejudice, or where Federal Constitution, statute, or treaty comes in question,* note to Little York Gold Washing & Water Co. v. Keyes, 24 L. ed. U. S. 656; Delaware R. Constr. Co. v. Meyer, 25 L. ed. U. S. 593; Butler v. National Home, 36 L. ed. U. S. 346; Torrence v. Shedd, 36 L. ed. U. S. 528; *Removal of actions against Federal officers,* note to Davis v. South Carolina, 27 L. ed. U. S. 574.

Yglesias v. Marr.

HOLT, Judge, delivered the following opinion:

This is a motion by the plaintiff, Pedro Yglesias, to remand to the insular court upon the ground that this court has no jurisdiction. In support of this it is claimed that the present proceeding is not a new suit; and also that the sum involved, exclusive of costs, does not exceed $1,000.

The facts can be briefly stated. On December 20th, 1900, the plaintiff brought what is known under the local law, or Code of Civil Procedure, as a civil, verbal suit in the municipal court of Loiza, for a lot of old iron, worth, as was alleged, less than $400, which was the limit of the jurisdiction of that court. On December 31st, 1900, judgment was rendered against the plaintiff, and upon appeal the San Juan district court, on March 28th, 1901, reversed it. On May 10th, 1901, the municipal court again dismissed the action, and upon appeal the district court of San Juan, on June 3d, 1901, again reversed the lower court, and adjudged the property to the plaintiff, to be delivered within five days; and on June 24th, 1901, the lower court ordered a compliance with this judgment. There was no judgment for the value of the property or for damages, and none were set out in the statement of the plaintiff. A copy of the last judgment was delivered to the defendant on June 25th, 1901, and, the property not having been delivered accordingly, the plaintiff, on July 10th, 1901, applied to the court for a recovery of damages for the nondelivery. His statement, or "manifestation" as it is called under the local law, expressly stated that he sought damages for the nondelivery of the property according to article 923 of the Code of Civil Procedure, and with it he presented his account for damages amounting to $1,221. Of this sum $373 is for what is termed "costs;" and the account shows it is for traveling expenses in the suit, the employment of a

lawyer and business agent, and other expenses connected with it. In the "manifestation" presented by the plaintiff he asked that defendant be notified to reply in six days from the notification, and the court so ordered. This time expired on July 24th, 1901, and the defendant then presented his petition and bond for removal to this court. The insular court recognized the proceeding, and proceeded no further in the case. It should properly have made an order of removal, but this matters not. Whenever the jurisdiction of the United States court attaches, that of the insular court ceases *instanter*, and it has no further power over the case. It is its duty to proceed no further, and this jurisdiction attaches whenever the party presents his petition and bond. If the proceeding for damages be a new suit, and be in amount sufficient to give this court jurisdiction, then the petition and bond were in time and the removal was proper. It is not for this court to say whether the municipal court had jurisdiction of the claim for damages, or what should be its action relative thereto. It is to be presumed it will not act beyond its jurisdiction; but the question for this court is, Has it jurisdiction? The proceeding for damages was instituted by virtue of title 8 of the Code of Civil Procedure. It is entitled "Execution of Judgments." Article 922 thereof provides that if a judgment orders the delivery of a thing, the means necessary to execute it shall be employed as named in the subsequent articles. They provide for an attachment if necessary, and article 923 says:

"If a party adjudged to do something should fail to perform same within the period fixed by the judge, it shall be done at his expense; and if it be a personal act which cannot be performed in this manner, it shall be understood that he prefers to pay damages. If the amount of these damages in the case of nonperformance has been fixed in the judgment, the provisions

Yglesias v. Marr.

of article 920 relating to the execution of the judgment in which there is an adjudication of the specific amount shall be observed. Otherwise, the provisions of article 927 and following shall be observed."

Article 927 says: "When a judgment orders the payment of losses and damages without specifying the amount thereof, whether the bases therefor be established in the judgment or not, the judgment creditors shall present with the petition for the execution of the judgment the statement of such losses and damages and of their amounts, calculated, in the proper case, according to the bases established."

Article 928 says: "A copy of said statement and of the instrument shall be delivered to the judgment debtor, in order that within the period of six days he may answer what he may deem proper."

If a proceeding be merely ancillary and by way of executing a judgment, it is not removable. If it is merely a supplementary proceeding, inseparably connected with the original judgment, involving no new controversy with new parties, it does not fall within the law of removal. Buford v. Strother, 3 McCrary, 253, 10 Fed. 406; Webber v. Humphreys, 5 Dill. 223, Fed. Cas. No. 17,326.

Under the provisions of the Code above cited, the proceeding for damages was not a new suit, but a mere sequence by way of enforcing the previous judgment. It was merely a continuance of the same suit to obtain the fruit of that judgment, as much so as an action in aid of an execution or a garnishment. It was founded on that judgment and intended merely to enforce it. If a transfer could be had in such cases it would interfere constantly with the state or insular courts enforcing their judgments, and this certainly was never intended. The only liability grows out of the failure to deliver the property according to

Yglesias v. Marr.

the judgment, and the Code provisions above cited provide for a continuation of the suit to meet such failure. The items set forth in the account may not be recoverable as "costs." If recoverable at all, however, it could only be in that way. It matters not if they are described as damages, if in fact they are costs.

But aside from this question, it is plain that the proceeding now sought to be removed is not a new suit within the law providing for the removal of actions to this court, but it is a mere further proceeding in a suit to enforce a judgment already rendered in it. It is merely to give relief as to it.

An order remanding the case to the municipal court of Loiza will, therefore, be entered.