## Rumsey and another v. Call and others.

*(Circuit Court, N. D. Iowa, W. D.  October Term, 1886.)*

1. REMOVAL OF CAUSE—SEPARABLE CONTROVERSY—TENANTS IN COMMON.

    In a suit to quiet title brought by two tenants in common against three defendants, in which two of the defendants disclaim, and the remaining one defends, and seeks, by cross-petition, to have his title quieted against plaintiffs, alleging that they claim under a tax deed and a sheriff's deed, the controversy between said defendant and plaintiffs is not a severable one, and no part thereof can be properly removed to the United States court, if said defendant is a citizen of the same state with one of the plaintiffs, although he is a citizen of a different state from that of the other plaintiff.

2. SAME—REMAND—FACTS APPEARING DIFFERENTLY IN UNITED STATES COURT —PLEA IN ABATEMENT.

    A removal to the United States court having been properly ordered by a state court, upon petition and bond being filed for that purpose, the petition showing both plaintiffs to be citizens of a different state from that of the only defendant who defended, (the other defendants disclaiming,) but, upon a trial of a plea in abatement filed in the United States court, the facts as to citizenship appearing differently, and not such as to give jurisdiction, the case is remanded to the state court.

In Equity.  Plea to jurisdiction.

*John F. Duncombe,* for complainants.

*George E. Clarke* and *Henderson, Hurd & Daniels,* for defendants.

SHIRAS, J.  This suit, brought for the purpose of quieting the title to certain real estate, was commenced in the circuit court of Clay county, Iowa, and in the petition filed the complainants averred that they were joint owners and tenants in common of the realty, and had been in possession thereof for over two years last past; that on or about the twenty-third day of September, 1885, the defendants A. F. Call and E. C. Hughes unlawfully confederated together for the purpose of casting a cloud upon the title of complainants, and for that purpose procured a quitclaim deed to be made by one D. M. Shuck and wife to the defendant Call, which was duly spread upon the records of the county wherein the land is situated; that subsequently the said A. F. Call and wife, in furtherance of the purpose of clouding complainants' title, executed a deed of the realty to the defendant D. W. Arnold, which deed was likewise duly recorded; that this deed is merely colorable, and without consideration; and therefore complainants pray that the title in and to said premises be quieted in complainants, and that defendants be barred from asserting any claim thereto adverse to complainants, and that the deeds from Shuck and wife to Call, and from the latter and wife to Arnold, be declared void, and canceled.  The defendants Call and Hughes severally appeared, and filed answers disclaiming all right, title, or interest in the lands in question.  The defendant Arnold filed an answer denying the substantial allegations of the petition, and also filed a cross-petition against the complainants, Rumsey and Sleeper, in

which he averred that he is the owner of the realty; that said Rumsey and Sleeper make claim of title to the same under a pretended tax deed executed by the treasurer of Clay county, and also under a sheriff's deed, executed by the sheriff of said county; that both deeds are void and ineffectual to defeat the title of said Arnold. Wherefore he prays judgment on his cross-petition, quieting his title as against the said Rumsey and Sleeper.

Issue being joined on this cross-petition, the complainant therein, D. W. Arnold, filed a petition and bond for the removal of the cause into the federal court; averring that the value of the matter in controversy exceeded $500; that in the suit there was involved a controversy which is wholly between citizens of different states; and that when the suit was commenced, and ever since, the petitioner for removal, D. W. Arnold, had been and then was a citizen of Illinois, and the complainants Rumsey and Sleeper were, when the suit was brought, and continued to be, citizens of the state of Iowa. The state court granted an order removing the cause.

Upon the filing of the record in this court the complainants filed a plea in abatement, averring that this court had not jurisdiction of the case, by reason of the fact that when the suit was brought, and at all times since then, the complainant Sleeper and defendants Call and Hughes were citizens of Iowa, and the complainant Rumsey and the defendant Arnold were and continued to be citizens of Illinois, and that the cause did not embrace a separable controversy, wholly between citizens of different states.

The evidence submitted by the parties shows that the citizenship of the respective parties is correctly stated in the plea in abatement, *i. e.*, the complainant Sleeper and defendants Call and Hughes were and are citizens of Iowa, and the complainant Rumsey and the defendant Arnold were and are citizens of Illinois. Assuming that the filing of the disclaimers by the defendants Call and Hughes showed them to be merely nominal parties, so that their connection with the record could be wholly disregarded in considering the right of removal, then the suit remains a controversy between the complainants Sleeper and Rumsey and the defendant Arnold, and of these parties Rumsey and Arnold are and were, when the suit was brought, citizens of the same state. This fact is fatal to the jurisdiction of this court, unless it be true that the cause involves a separable controversy between the complainant Sleeper and the defendant Arnold, within the meaning of section 2 of the act of 1875, which provides that when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, "then either party interested therein may remove the entire suit to the federal court."

In *Barney* v. *Latham*, 103 U. S. 205; *Fraser* v. *Jennison*, 106 U. S. 191; S. C. 1 Sup. Ct. Rep. 171; and *Ayres* v. *Wiswall*, 112 U. S. 187; S. C. 5 Sup. Ct. Rep. 90,—this clause of the section was con-

sidered by the supreme court, and it was held to refer only to suits which involved separate and distinct causes of action, capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states upon one side, and citizens of other states on the other.

In *Fraser* v. *Jennison* the subject in controversy was the probate of a will, which was offered for probate by the executors therein named, who were citizens of Michigan, the contestants being the heirs at law, part of whom were citizens of Michigan and part citizens of other states. The latter petitioned for removal, but it was held that the case did not present separate and distinct controversies, within the meaning of the act of 1875; that the suit embraced but one controversy, and in that all the heirs at law were interested.

In *Ayres* v. *Wiswall*, *supra; Louisville & N. R. Co.* v. *Ide*, 114 U. S. 52; S. C. 5 Sup. Ct. Rep. 735; *Pirie* v. *Tvedt*, 115 U. S. 41; S. C. 5 Sup. Ct. Rep. 1034, 1161; *Starin* v. *Mayor of New York*, 115 U. S. 248; S. C. 6 Sup. Ct. Rep. 28; and *Sloane* v. *Anderson*, 117 U. S. 275; S. C. 6 Sup. Ct. Rep. 730,—the supreme court holds that separate answers on behalf of defendants, tendering different issues as defenses to one cause of action, do not create separate controversies, within the meaning of the statute, and that if the cause of action is joint, or joint and several, and the plaintiff elects to declare jointly against all the defendants, the latter cannot, by filing separate answer and defenses, divide up the controversy into separate parts.

In *Fidelity Ins. Co.* v. *Huntington*, 117 U. S. 280, S. C. 6 Sup. Ct. Rep. 733, the facts were that Huntington had a judgment against the Scioto Valley Railroad Company, upon which execution was issued and levied upon the railroad, its rolling stock, and other property. Mortgage liens were held by various parties upon the property, and, for the purpose of settling the amounts and priorities of the liens, and properly marshaling the assets of the debtor, Huntington began a suit in the state court, making the several lien-holders parties, part of whom, with Huntington, were citizens of New York. One of the defendants, the Fidelity Trust Company, a corporation organized under the laws of the state of Pennsylvania, answered the bill, setting up that it held the first and prior mortgage upon the property, and asked that the property be sold, and the proceeds be applied to the satisfaction of the mortgage debt due it. At the same time the trust company filed a petition for the removal of the cause to the federal court. When the question finally came before the supreme court it was held that the suit presented but a single cause of action, and that the answer of the trust company did not divide the action into several controversies, but only presented a separate defense to the single cause of action declared on, and that it was not removable.

The principles announced in these cases are decisive of the question presented by the plea in abatement. The object or purpose of

the bill filled by complainants is to quiet the title of the realty, and remove therefrom the cloud alleged to be caused by the deeds from Shuck and wife to Call, and from Call and wife to Arnold. In accomplishing this purpose both complainants are interested. The cause of action against Arnold arises from the fact that he sets up a claim to the land under the deed from Call and wife. Both complainants are interested in defeating this claim of Arnold, and, having an equal interest in the controversy, they have the right to join in a common action for the purpose of removing the cloud from the title of their common property. It cannot be said that the suit involves two distinct causes of action against Arnold,—the question is as to the validity of the deed to Arnold and of the title conveyed thereby. The fact that Rumsey and Sleeper are both interested in this question does not create two controversies in the suit. The cause of action is but one, just as in *Fraser* v. *Jennison* it was held that the validity and genuineness of the will therein involved constituted but one cause of action, although the right and interest of several heirs at law would be affected thereby.

If the question is viewed from the position of the parties to the cross-bill, the same result follows. In the cross-bill, Arnold, as complainant, affirms the validity of his title, and prays that the same may be quieted as against the adverse claims of the defendants to the cross-bill, *i. e.*, Rumsey and Sleeper. The averments of the cross-bill are that the defendants thereto claim title to the land under a tax deed and under a sheriff's deed. The averment is that both defendants claim under the tax deed, and both under the sheriff's deed. The invalidity of *neither* deed can be decreed without affecting the interests of both defendants, and it is impossible to separate the case into parts, so as to present a controversy wholly between citizens of different states.

As the averments of fact were presented by the record when the question of removal was submitted to the state court, it appeared that Sleeper and Rumsey were citizens of the same state, and that Arnold was a citizen of another state. Under such circumstances the state court ruled correctly in ordering the removal. From the evidence now submitted upon the plea in abatement it appears, as already stated, that the complainant Rumsey and defendant Arnold were when the suit was brought, and when the removal was ordered, citizens of the same state; and there being but one cause of action in the controversy, and they being interested therein, it follows that this court has not jurisdiction of the case; and the same must be remanded to the state court, at the cost of the defendant Arnold.