BOARD OF COM'RS OF WOODSON COUNTY v. TORONTO BANK et al.

(Circuit Court, D. Kansas, Third Division.  March 12, 1904.)

No. 342.

1. REMOVAL OF CAUSES—JURISDICTION—BURDEN OF PROOF.

When the jurisdiction of the federal court over a case removed into that court from a state court depends upon a question of fact, the existence of such jurisdictional fact must be well pleaded in the petition for removal filed in the state court, and, if issue is joined on the truth of the allegations contained in such petition for removal, the burden of proof rests upon the removing party to establish the existence of such jurisdictional fact in the federal court by the greater weight of testimony.

2. SAME—MATTERS OF LAW.

The cases removed from a state court into the federal court, in which the petition filed by plaintiff in the state court is conclusive in the federal court on the question of its jurisdiction, are cases in which the question of jurisdiction of the federal court depends upon the legal construction of plaintiff's petition as to the joint liability of defendants, or other matter of law.

(Syllabus by the Court.)

On Motion to Remand.

Biddle & Lardner, A. F. Florence, and J. C. Culver, for plaintiff.

A. J. Jones and Edward C. Gates, for the United States Fidelity & Guaranty Company.

POLLOCK, District Judge.  This is an action brought by the board of county commissioners of Woodson county, Kan., upon a surety bond given by the Toronto Bank of Toronto, Kan., as principal, and the United States Fidelity & Guaranty Company (hereinafter called the Guaranty Company) as surety, to indemnify the county against loss by reason of deposits of the public funds of the county with said bank. The penalty of the bond is $5,000.  The bank, being indebted to the county in the sum of over $9,000, failed.  The bond, upon its face, contains a recital that the bank is a body corporate.  It is executed by "The Toronto Bank, W. P. Dickerson, Cashier."  The petition alleges "that the Toronto Bank was legally organized under and by virtue of the laws of Kansas prior to the 13th day of January, 1902, and that said bank continued to be a legally organized bank, and continued to do a regular banking business, from the date of its organization until the 14th day of January, 1903."  The action was brought to recover the amount of the penalty named in the bond.  Upon the filing of the petition in the state court, process was duly issued, commanding the appropriate officer to summon the Toronto Bank and the Guaranty Company to appear and answer the same.  The Guaranty Company was duly served with process.  The return of the officer as to the Toronto Bank reads:

"State of Kansas, Woodson County—ss.:  Received this writ this 8th day of May, 1903.  May 8, 1903, I was unable to find the president or cashier or any officer of said the Toronto Bank in Woodson county, Kansas, whereon

¶ 1. See Removal of Causes, vol. 42, Cent. Dig. § 166.

to serve this writ, and served this writ by leaving a certified copy at the regular place of business of said bank in said Woodson county, with the receiver in charge of said the Toronto Bank.

"S. L. Dickerson, Sheriff."

It appears from the record that W. P. Dickerson, the person executing the bond for the bank, upon its failure fled the country, and one J. D. Cannon was duly appointed receiver thereof. In due form and proper time the defendant Guaranty Company filed in the state court its petition, duly verified, and bond for removal of the case into this court. This petition alleges, among other matters, as follows:

"The controversy in said suit is, and at the time of the commencement of this suit was, between citizens of different states, and that your petitioner, the defendant in the above-entitled suit, was at the time of the commencement of this suit, and still is, a corporation duly created, organized, and doing business in and by virtue of the laws of the state of Maryland, and was at the time of the commencement of this suit, and is still, a resident and a citizen of the city of Baltimore, in the said state of Maryland, and a nonresident of the state of Kansas, and it is the only real defendant in this action. * * * And your petitioner further respectfully shows that the Toronto Bank, named in the petition filed by plaintiff in the above-entitled action as one of the defendants, is now, and was at the time of the commencement of this action, a private bank, owned by an individual, which fact was well known to plaintiff at the time of the commencement of said suit, and that the owner of said bank has not been made a party defendant in said action, nor has any attempt been made to serve him with process in said suit, and that the said owner of said bank was at the time of the commencement of said action, and still is, as your petitioner is informed and verily believes, a nonresident of the state of Kansas, and is not a citizen of said state, and is a resident and citizen of the state of Texas, and that the said alleged defendant, the Toronto Bank, is simply the name under which said individual had carried on a banking business; that said bank is not, nor never was, incorporated under the laws of this or any other state, and that the name 'The Toronto Bank,' as defendant in said petition, was and is a nullity, and the alleged service of process on said the Toronto Bank is and was void."

An order of removal was duly entered by the state court, and record filed in this court. Plaintiff moves to remand the case to the state court.

In support of the allegations of its petition for removal, the Guaranty Company files affidavits showing conclusively that the Toronto Bank is not, and was not at the date of the execution of the bond, or of the commencement of this action, a body corporate, but was a private bank owned and managed by said W. P. Dickerson; that, upon the failure of the bank, to avoid criminal prosecution, Dickerson fled the state, and remains absent therefrom. It is apparent from the record and proofs in the case there is but one party defendant to the action, the Guaranty Company; that the Toronto Bank is not the name of any person, in law, capable of being made party defendant in an action, but is a mere business name used by Dickerson in the operation of his banking business. This is not a case of separable controversy, or fraudulent joinder of a resident defendant to defeat the jurisdiction of this court, but is a case of one cause of action against one defendant. It is probable a joint cause of action does exist against both Dickerson, who executed the bond in his business name, as cashier, and the Guaranty Company, for breach of the conditions of the bond; but Dickerson was neither made party to the action, nor served with process.

The insistence of counsel for plaintiff is this: That the bond, upon its face, purports a joint obligation; that the allegations of the petition state a joint cause of action against the Toronto Bank, as a body corporate, and a citizen of Kansas, and the Guaranty Company, a corporation under the laws of Maryland, and a citizen of that state, and that this motion to remand must be determined from a consideration of plaintiff's petition, independent of the allegations of the petition for removal, and proofs offered in its support. Whether the citizenship of the parties, or other jurisdictional fact essential to confer jurisdiction upon this court, actually exists, is always a question of fact, which must be determined, in case of removal into this court from a state court, by this court from the allegations of the petition for removal, if no issue is joined thereon, or from the proofs offered in support of such petition, if issue is joined thereon. Plymouth Mining Company v. Amador Canal Company, 118 U. S. 264, 6 Sup. Ct. 1034, 30 L. Ed. 232; Kansas City Surburban Belt Ry. Co. v. Herman, 187 U. S. 63, 23 Sup. Ct. 24, 47 L. Ed. 76. In this case no issue is taken with the Guaranty Company upon its petition for removal. The proof by it offered in support of the allegations found therein as to the jurisdictional facts is conclusive. The cases relied upon by plaintiff as holding that the jurisdiction of this court must be determined from the petition of plaintiff filed in the state court, and there pending at the time of the application for removal, are cases in which the jurisdiction of the federal circuit court was dependent upon a question of law, such as the joint liability of the defendants in the case, or other matter of law, and did not depend upon a question of fact, such as the amount in controversy, the citizenship of the parties, fraudulent joinder of a party defendant to defeat the jurisdiction of the court, or other question of fact.

It follows, there being but one actual defendant in the case, and the requisite citizenship of the parties being shown, the motion to remand must be overruled.