## DONOVAN v. WELLS, FARGO & CO.

(Circuit Court of Appeals, Eighth Circuit. April 5, 1909.)

No. 2,929.

1. REMOVAL OF CAUSES (§ 89*)—PROCEDURE—PETITION—BOND.

Judiciary Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 435 (U. S. Comp. St. 1901, p. 510), authorizes the removal of a cause on the filing of a petition disclosing a right to remove and the giving of the prescribed bond.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 189–201; Dec. Dig. § 89.*]

2. REMOVAL OF CAUSES (§ 89*)—JURISDICTION—SURRENDER BY STATE COURT.

On the filing of a removal petition, it becomes a part of the record, and if, on the face of the record as so constituted, the suit appears to be a removable one, the state court is bound to surrender jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 189–201; Dec. Dig. § 89.*]

3. REMOVAL OF CAUSES (§ 89*)—PETITION—DETERMINATION BY STATE COURT.

A removal petition presents for the state's court consideration a question of law only as to whether, assuming the facts stated in the petition to be true, the face of the record discloses a removable cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 189–201; Dec. Dig. § 89.*]

4. REMOVAL OF CAUSES (§ 107*)—GROUNDS—CONTROVERTING FACTS.

Plaintiff, in order to controvert the facts stated in a removal petition must make an issue with respect thereto in the federal court in which the issue must be tried.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 107.*]

5. REMOVAL OF CAUSES (§ 92*)—PETITION—DENIAL—FILING RECORD.

Where a state court refuses to order the removal of a cause, defendant within the prescribed time may file a copy of the record in the proper federal court and have the cause docketed there, after which the federal court is required to proceed in the exercise of the jurisdiction lost by the state court, which can be regained only by an order of the federal court remanding the cause.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 92.*]

6. REMOVAL OF CAUSES (§ 97*)—GROUNDS—WRONGFUL EXERCISE OF JURISDICTION.

Where a state court wrongfully attempted to exercise jurisdiction after the case had been transferred to the federal court by defendant filing a

copy of the record therein after the denial of his petition to remove, such subsequent exercise of jurisdiction by the state court would be enjoined.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 97.*]

**7.** REMOVAL OF CAUSES (§ 86*)—PETITION—VERIFICATION.

Under Judiciary Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 435 (U. S. Comp. St. 1901, p. 510), providing for the removal of causes on petition, a removable petition is not defective because not verified.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 177; Dec. Dig. § 86.*]

**8.** REMOVAL OF CAUSES (§ 89*)—PETITION—SUFFICIENCY.

Where a petition for the removal of a cause is demurrable on its face, the state court may properly decline to order the removal, and will not lose jurisdiction; but, if the petition is not demurrable, jurisdiction thereby passes, however inartificial the petition may be.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 192–195; Dec. Dig. § 89.*]

**9.** REMOVAL OF CAUSES (§ 86*)—PETITION.

Where a removable petition alleged the requisite diversity of citizenship, that the matter in dispute exceeded, exclusive of interest and costs, the sum of $2,000, that a separable controversy existed between plaintiff and petitioner, and that a codefendant was fraudulently joined to defeat federal jurisdiction and prevent removal, it was sufficient for that purpose, though it was defective in detail as to what constituted the alleged fraud.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 166–179; Dec. Dig. § 86.*]

**10.** REMOVAL OF CAUSES (§ 107*)—PETITION—AMENDMENT.

Where a removal petition set forth the ultimate facts required by law, but did not allege in detail the facts constituting an alleged fraudulent joinder of parties defendant, it was amendable in the federal court in that regard.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 178; Dec. Dig. § 107.*]

**11.** REMOVAL OF CAUSES (§ 89*)—PARTIES—FRAUDULENT JOINDER—BURDEN OF PROOF.

A petitioner for the removal of a cause was not bound to prove an alleged fraudulent joinder of defendants to prevent a removal, until issue was joined on such allegation.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 192–193; Dec. Dig. § 89.*]

**12.** REMOVAL OF CAUSES (§ 107*)—PARTIES—FRAUDULENT JOINDER—JOINDER OF ISSUE.

Where a petition for removal alleged fraudulent joinder of defendants, it was plaintiff's duty to appear and submit to the jurisdiction of the court on the merits or to plead in abatement, putting in issue the allegations of fact on which the removability of the cause depended, in which case the federal court would acquire jurisdiction to hear and determine the issue of such joinder.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 226; Dec. Dig. § 107.*

Fraudulent joinder of parties to prevent removal, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

**13.** COURTS (§ 280*)—FEDERAL COURTS—DETERMINATION OF JURISDICTION.

The rule that federal courts must take notice of a want of jurisdiction whenever it appears does not apply when such want of jurisdiction depends, not on a single uncontroverted fact, but on a finding of an issue of

fact as to the fraudulent joinder of defendants to prevent a removal, which is determinable only after a hearing on the facts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

**14. REMOVAL OF CAUSES (§ 97*)—PROCEEDINGS IN STATE COURT AFTER REMOVAL —INJUNCTION—JURISDICTION OF STATE COURTS.**

A bill to restrain a state court from proceeding in an action at law after jurisdiction had been removed to the federal court until the question of removability had been determined was maintainable as an auxiliary proceeding to protect the federal court's jurisdiction and to prevent unnecessary, embarrassing, fruitless, and expensive litigation.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 97.*]

**15. REMOVAL OF CAUSES (§ 97*)—PROCEEDINGS IN STATE COURT AFTER REMOV AL—STATE COURT'S JURISDICTION—SCOPE OF DETERMINATION.**

Where a state court, after denying a petition to remove an action at law to the federal court, continued to exercise jurisdiction notwithstanding the cause was removed by the filing of a certified transcript of the record, whereupon the removing party obtained an injunction restraining plaintiff from proceeding in the state court until the federal court could pass on the issue determinative of its jurisdiction, the determination of such issue should have been by the federal court having jurisdiction of the action at law, and not as a part of the injunction suit.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 97.*]

Appeal from the Circuit Court of the United States for the Western District of Missouri.

Stephen S. Brown (John E. Dolman, on the brief), for appellant.
Cyrus Crane (Gardiner Lathrop, James P. Gilmore, and George J. Mersereau, on the brief), for appellee.

Before ADAMS, Circuit Judge, and RINER and AMIDON, District Judges.

ADAMS, Circuit Judge. A suit at law was instituted by Donovan in the circuit court of Buchanan county, Mo., to recover damages from the Wells Fargo Express Company and Joseph McKee for negligence in the handling of a valuable horse intrusted to the former for transportation from Boston to St. Joseph, Mo. In due time the express company filed its petition, accompanied by the required bond for the removal of the cause into the proper Circuit Court of the United States. It alleged in its petition, among other things, that the plaintiff, Donovan, was a citizen of the state of Missouri, and that it, the express company, was a corporation and a citizen of the state of Colorado; that a separable controversy solely between them was involved in the case, and that McKee, a citizen of Missouri, was fraudulently joined as a defendant to defeat the right of the express company to remove the cause into the federal court. The state court denied the prayer of the petition, but notwithstanding that fact the express company, in the exercise of its right under section 3, Judiciary Act Aug. 13, 1888, c. 866, 25 Stat. 435 (U. S. Comp. St. 1901, p. 510), caused a complete copy of the record showing all the proceedings taken in the state court to be filed in the Circuit Court of the United States for the proper district. Donovan failed to file any motion to remand the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cause to the state court, or in any other manner to test the question of jurisdiction of the federal court, but prepared for trial and threatened to proceed with the cause in the state court, notwithstanding the removal. The present bill discloses these facts, and is brought to restrain Donovan from proceeding in the state court. The learned trial court granted the relief prayed for, and this appeal is to secure a reexamination of the question.

Section 3 of the judiciary act, supra, according to its clear import and as uniformly interpreted by the Supreme Court, authorizes the removal of a cause from a state court to the proper federal court upon the filing of a petition disclosing the right to remove and the giving of the prescribed bond. Upon the filing of such petition it becomes a part of the record, and if, on the face of the record so constituted, a suit appears to be removable, the state court in which the petition is filed is bound to surrender its jurisdiction and proceed no further. Such a petition presents for the consideration of the state court a question of law only, whether, assuming the facts stated in the petition to be true, the face of the record discloses a removable cause under the law. Insurance Co. v. Pechner, 95 U. S. 183, 185, 24 L. Ed. 427; Stone v. South Carolina, 117 U. S. 430, 432, 6 Sup. Ct. 799, 29 L. Ed. 962; Carson v. Hyatt, 118 U. S. 279, 287, 6 Sup. Ct. 1050, 30 L. Ed. 167; Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992; Burlington, etc., Ry. Co. v. Dunn, 122 U. S. 513, 515, 7 Sup. Ct. 1262, 30 L. Ed. 1159; Crehore v. Ohio, etc., Ry. Co., 131 U. S. 240, 244, 9 Sup. Ct. 692, 33 L. Ed. 144; Traction Co. v. Mining Co., 196 U. S. 239, 245, 25 Sup. Ct. 251, 49 L. Ed. 462.

When the right of removal is made to depend upon the existence of certain facts, they must be taken by the state court to be true as averred in the petition. If it is desired to controvert such facts or any of them, the plaintiff must make an issue with respect to them in the federal court, and that issue must be tried in that court. Stone v. South Carolina; Carson v. Hyatt; Railway Co. v. Dunn; Crehore v. Ohio, etc., Ry. Co., supra; Chesapeake & O. Ry. Co. v. McCabe (decided April 5, 1909) 29 Sup. Ct. 430, 53 L. Ed. ——; St. Louis Southwestern Ry. Co. v. Adams (Ark.) 112 S. W. 186. If the state court refuses to make the order of removal on the showing made by the face of the record, the defendant may nevertheless, within a prescribed time, enter a copy of the record as it stood, on the filing of the petition, in the proper federal court and have the cause docketed there. Thereupon the latter court is required to proceed in the exercise of the jurisdiction lost by the state court upon the filing of the petition and bond with it. Railroad Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643; Railroad Co. v. Dunn, supra.

In the light of the foregoing summary of principles which must control the determination of the present case, attention will now be given to the petition for removal in order to see whether it, taken in connection with the full record, disclosed on its face that the express company had the right of removal. If it did, the state court thereby lost jurisdiction of the cause, and its threatened exercise of it was an interference with the jurisdiction acquired by the Circuit Court to

which the removal was taken, and, for reasons hereinafter stated, must be enjoined.

The petition and record disclosed, among other things, that the plaintiff Donovan was a citizen of the state of Missouri; that the defendant express company was a citizen for jurisdictional purposes of the state of Colorado; that the matter in dispute exceeded, exclusive of interest and costs, the sum of $2,000, and as a result the cause as between those parties was a removable one according to the provisions of the judiciary act of 1887–88. But as the record disclosed that the defendant McKee was a citizen of Missouri with the plaintiff, the express company's right of removal was lost unless the result of that fact could be overcome.

The recent case of Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, involved a question similar to the one now under consideration, and, after discussing the merits of the case, the court said:

"While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the federal courts should not sanction devices intended to prevent a removal to a federal court where one has that right, and should be equally vigilant to protect the right to proceed in the federal court as.to permit the state courts, in proper cases, to retain their own jurisdiction."

Apparently following the doctrine of that case, the express company undertook in its petition for removal, which was not verified by affidavit, to assail the good faith of the joinder of McKee, and alleged, among other things, that McKee had no participation in any of the negligent acts charged against the two defendants jointly in the complaint, and, in the language of the petition:

"That plaintiff has fraudulently and improperly joined said Joseph McKee as codefendant with your petitioner for the sole purpose of avoiding and defeating the jurisdiction of the courts of the United States and the right of your petitioner to remove this cause to said courts; * * * that the joining of said Joseph McKee by plaintiff as codefendant with your petitioner is not made in good faith for the purpose of determining the question of liability of said McKee to plaintiff, or for the purpose of obtaining a judgment against said McKee, but is a mere pretense and device to oust and defeat the lawful jurisdiction of the courts of the United States."

Criticism is made of this petition on the ground that it was not verified by the oath of the petitioner, and because the specification of what constituted the fraudulent conduct of Donovan was not sufficient in law to constitute legal fraud. Is the petition sufficient?

The statute does not require verification of the petition, and the Removal Cases, 100 U. S. 457, 25 L. Ed. 593, in recognition of that fact, hold a petition good which was not only not verified but which was otherwise very inartificial and informal.

Section 3 of the judiciary act provides merely that the defendant "may make and file a petition." This petition when so made and filed performs the office in many respects of a pleading. If it fails to state facts sufficient to entitle the petitioner to a removal—in other words, if it is demurrable on its face—the state court may properly decline to order the removal, and it will not lose jurisdiction of the

cause. But if it is not demurrable—if the facts, however inartificially stated, disclose the right of removal—jurisdiction is lost to the state court and is lodged in the federal court. Cases supra.

Tested by well-recognized rules of pleading, the petition for removal was good. It stated the ultimate facts which, in law, entitled the express company to remove the cause, notwithstanding the joinder of McKee. Even if there was a deficiency of detail with respect to what constitutes the alleged fraud, the petition might have been amended in the federal court by making a fuller statement of the facts undertaken to be alleged in the petition; or, in other words, it might have been amended so as to "set forth in proper form what had before been improperly stated." Carson v. Dunham, supra.

As plaintiff Donovan failed to appear in the federal court and deny the allegations of fraudulent joinder, the petition for removal might in due time have been taken as confessed, and the cause have proceeded in the usual course of practice. When issue is joined on allegations of the petition for removal, and not till then, the burden of establishing the affirmative thereof rests upon the petitioner. Judge Dillon in his Removal of Causes, § 158, says:

"If the petition, in connection with the record, is sufficient on its face, but states as ground of removal facts which are not true, * * * issue may be taken thereon in the Circuit Court by a plea in abatement; but such an inquiry cannot be gone into in the state court."

To this he cites Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179. In Plymouth Min. Co. v. Amador Canal Co., 118 U. S. 264, 270, 6 Sup. Ct. 1038, 30 L. Ed. 232, the Supreme Court said:

"Under these circumstances, the averments in the petition that the defendants were wrongfully made to avoid a removal can be of no avail in the Circuit Court upon a motion to remand, until they are proven, and that, so far as the present record discloses, was not attempted. The affirmative of this issue was on the petitioning defendant. That corporation was the moving party, and was bound to make out its case."

In Kansas City Suburban Belt Ry. Co. v. Herman, 187 U. S. 63, 70, 23 Sup. Ct. 24, 47 L. Ed. 76, the Supreme Court, obviously for the purpose of amplifying or making certain the language employed in Mining Co. v. Amador Canal Co., so as to make it appear that issue must be joined before any duty or burden is cast upon the defendant, said:

"The averments of fraud were specifically denied, and, so far as this record discloses, the petitioner, who had the affirmative of the issue, failed to make out its case."

In Dishon v. Cincinnati, N. O. & T. P. Ry. Co., 66 C. C. A. 345, 133 Fed. 471, the Court of Appeals for the Sixth Circuit said:

"They [the averments of the petition] charged a case of fraudulent joinder. If, as they alleged, Coffman did not in any sense contribute to the death of the plaintiff's intestate; if the plaintiff knew this fact, and, although Coffman was not a citizen of Kentucky, made him a party defendant for the sole purpose of defeating the removal of the case to the United States court—a case for removal, regardless of Coffman's nominal presence, was presented. If

these averments were not true, the plaintiff should have denied them, and an issue would then have been made for the court below to try and determine."

See, to the same effect, Board of Com'rs v. Toronto Bank (C. C.) 128 Fed. 157.

It follows from the foregoing that the federal court to which the removal was taken, in the absence of a denial of the fraudulent joinder of McKee, acquired full jurisdiction of the removed cause, and in case of such denial it acquired jurisdiction, at least for the purpose of hearing and determining the issue as to such joinder. · Donovan might have been unable or unwilling to join in that issue, or he might have been able and disposed to do so. In the former event he should have appeared generally to the action in the federal court, submitted himself to its jurisdiction, and gone to trial of the case on the merits at the peril of his case being disposed of in default of such appearance. In the latter event he should have seasonably filed a plea in the nature of a plea in abatement, putting in issue the affirmative allegations of fact upon which depended the removability of the cause. Instead of taking either of these courses, he ignored the tribunal which alone could lawfully determine the issue, sought to deprive it of the jurisdiction conferred upon it by law, and persisted in his attempt to subject the express company to the jurisdiction of the state court which on the face of the record had been lost.

The present bill contains a prayer for general relief, and is doubtless sufficient in formal averment to justify a hearing and final determination of the issue of fraudulent joinder presented by it. The Circuit Court first issued an ad interim order restraining defendant Donovan from proceeding in the state court until further order of the federal court, and set down the application for a temporary injunction to be heard at a later date. On the hearing of that application, affidavits and depositions taken in the state court in the same case were submitted, and upon them the court below entered a decree sustaining the jurisdiction of the federal court, and enjoining the prosecution of the action in the state court.

Learned counsel for Donovan insist that the court below misconceived the true meaning of the facts proven and erroneously found them in favor of the express company. As to this, for reasons hereinafter stated, we shall not undertake to decide. He also calls attention to that part of section 5 of the judiciary act of March 3, 1875, c. 137, 18 Stat. 472, unrepealed by the subsequent judiciary acts of March 3, 1887, c. 373, 24 Stat. 555, and August 13, 1888, c. 866, 25 Stat. 436 (U. S. Comp. St. 1901, p. 511) which enacts that:

"If it shall appear to the satisfaction of said Circuit Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said Circuit Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed as justice may require,"

and insist that, if the court in equity cannot make the final order determining the matter of jurisdiction in the court of law wherein

the removed case was pending, the judge of that court, being also the chancellor of the equity court, ought, on the facts disclosed at the hearing of the application for a preliminary injunction, to reach the conclusion that McKee was not collusively joined with the express company in the action at law, and therefore that the cause was improperly removed to the federal court, and of his own motion ought to have made an order in the action at law remanding the suit. The contention is that from such evidence "it appears to the satisfaction of the court" that the case was improperly removed to the federal court, and it thereby became the duty of the court sua sponte to order the suit dismissed or to remand it to the state court.

We are not disposed to adopt this circuitous route when a plain and clear way is pointed out for us to take. While the federal courts in some cases may and must of their own accord take notice of a want of jurisdiction whenever it appears, that rule obviously has no application when such want of jurisdiction depends not upon a single uncontroverted fact, but upon a finding of an issue of fact like that involved in this case, which may or may not be raised, and which if raised is solvable only as a result of a hearing. In such a case the want of jurisdiction must "appear to the satisfaction of the court" as the result of the hearing of the issue joined as required by law. This most obvious conclusion finds support in the phraseology of sections 2 and 3 of the judiciary act of 1887–88. Section 2 provides that "whenever any cause shall be removed from any state court into any Circuit Court of the United States, and the Circuit Court *shall decide* that the cause was improperly removed * * *." Section 3 conditions the bond for removal upon "paying all costs that may be awarded by the Circuit Court if said Circuit Court *shall hold* that such suit was wrongfully or improperly removed thereto * * *." The words italicized indicate that something more is contemplated by the words "shall appear to the satisfaction of said Circuit Court" than an impression formed by the judge as a result of some extraneous observation or information.

The Supreme Court held in the case of Barry v. Edmunds, 116 U. S. 550, 559, 6 Sup. Ct. 501, 29 L. Ed. 729, and Deputron v. Young, 134 U. S. 241, 252, 10 Sup. Ct. 539, 33 L. Ed. 923, that the discretion contemplated by section 5 of the act of 1875 was a legal and not a personal discretion. In the first-mentioned case it was said:

"It might happen that the judge, on the trial or hearing of a cause, would receive impressions amounting to a moral certainty that it does not really or substantially involve a dispute or controversy within the jurisdiction of the court. But upon such a personal conviction, however strong, he would not be at liberty to act, unless the facts upon which the persuasion is based, when made distinctly to appear on the record, create a legal certainty of the conclusion based on them. Nothing less than this is meant by the statute when it provides that the failure of its jurisdiction, on this account 'shall appear to the satisfaction of said circuit court.'"

The present bill, in so far as it seeks to temporarily restrain the prosecution of the action at law in the state court until the question of fraudulent joinder of McKee can be properly heard and determined, is clearly maintainable as an auxiliary proceeding to protect a juris-

diction already committed to it by the removal proceedings in the action at law, and at the same time to restrain expensive litigation which may be unnecessary, embarrassing, and fruitless. Traction Co. v. Min. Co., supra; McAlister v. Chesapeake & O. Ry. Co., 83 C. C. A. 316, 157 Fed. 740, and cases cited. But such federal court, in the exercise of its equitable jurisdiction for the purpose just mentioned, ought not to undertake to hear and determine the question of fraudulent joinder. Jurisdiction for that purpose is an incident to the action at law, and should be left for determination to the court in that cause. Cases supra.

The trial court did not stop with temporarily enjoining Donovan from proceeding in the state court until the federal court could pass on the issue determinative of its jurisdiction, but made a conclusive finding on the informal proof before it that the joinder of McKee was fraudulent, and that the federal court had by the removal proceedings acquired jurisdiction of the subject-matter of the removed cause. The decree then finally enjoined Donovan from taking any action in the state court in that cause. We think this went too far. The federal court as a court of equity was not the tribunal ordained by the law to try the disputed question of fact on which the right of removal depended. The Circuit Court of the United States in equity and in law are two different judicatories. They administer different principles, pursue different methods of practice in reaching their conclusions, and, notwithstanding the disposition on the part of many of the states to merge them into one, their essential difference, even in trying jurisdictional questions, is scrupulously maintained in the national courts. Wetmore v. Rymer, 169 U. S. 115, 120, 18 Sup. Ct. 293, 42 L. Ed. 682; Griesa v. Mutual Life Ins. Co. (C. C. A.) 165 Fed. 48.

As already observed, the law devolves a duty upon the Circuit Court to pass upon and determine the questions of fact upon which the right of removal depends. The petition for removal, taken by itself or with the complaint in the case, tenders the issue determinative of the right. If the plaintiff disputes the right, he must meet the issue so tendered, and, most obviously, he must do it in the court and in the cause in which it is tendered. That court in that pending cause has the exclusive jurisdiction to hear and determine that issue. Cases supra.

The court below, instead of hearing and finally determining the issue as to the fraudulent joinder of McKee, should have, after finding that the petition for removal stated on its face a good ground therefor, enjoined Donovan from proceeding further in the state court until he should appear in the federal court and join issue in the cause there docketed with the express company on its allegations of fraudulent joinder, and secure an adjudication of that issue in his favor. The decree is accordingly reversed, and the cause remanded to the Circuit Court with directions to enter a decree as above outlined.