PHILLIPS v. WESTERN TERRA COTTA CO.

(Circuit Court, D. Kansas, First Division. December 22, 1909.)

1. REMOVAL OF CAUSES (§ 95*)—FILING PETITION AND BOND—EFFECT.

On the filing of a proper petition and bond for the removal of a cause to the federal court, the jurisdiction of the state court ceases, except to pass on the petition and make the order of removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 204; Dec. Dig. § 95.*]

2. REMOVAL OF CAUSES (§ 107*)—MOTION TO REMAND—EFFECT.

A motion to remand a cause removed to the state court is in the nature of a demurrer, and goes only to matters apparent of record, being insufficient to present matters outside the record arising in pais, which can only be presented by plea in abatement, denying the facts relied on to establish federal jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 107.*]

3. REMOVAL OF CAUSES (§ 107*)—MOTION TO REMAND—GENERAL DENIAL.

A motion to remand a cause to the state court does not operate as a general denial of the allegations of the petition for removal.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 107.*]

4. REMOVAL OF CAUSES (§ 97*)—GROUND FOR REMOVAL—DENIAL—ANSWER.

Since the presentation to the state court of the petition for removal of a cause, accompanied by the required bond praying for removal, is effective to deprive the state court of jurisdiction eo instante, if the petition on its face shows facts essential to entitle plaintiff to remove, the filing of an answer in the state court after the presentation of the petition to remove is ineffective to raise an issue as to the facts relied on for removal, since all pleading attacking the facts so alleged and the federal court's jurisdiction must be filed in and heard by the federal court to which the cause is removed.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 97.*]

Action by J. A. Phillips against the Western Terra Cotta Company. Motion to set aside an order, previously made, overruling plaintiff's motion to remand the cause to the state court, and for rehearing. Denied.

E. C. Little, for plaintiff.

Rosenberger, Taylor & Reed, for defendant.

PHILIPS, District Judge. The plaintiff has filed motion to set aside the order of this court, heretofore made, overruling the motion of plaintiff to remand this cause to the state court, and for a rehearing.

The petition of the plaintiff in the state court was silent as to the citizenship of the parties. The petition of the defendant for removal, supported by affidavit, and accompanied with sufficient bond, alleged that at the time of bringing suit, and since, the plaintiff was a citizen of the state of Kansas, and the defendant was a citizen of the state of Missouri. That entitled the defendant to an order of removal, which was made. The jurisdiction of the state court then ceased, except for the purpose of passing on and making the order of removal. When the transcript was filed in this court, the record proper on its face showed the requisite jurisdictional facts to authorize this court to proceed to judgment. In this state of the record the plaintiff filed a motion—

"to remand the action to the district court of Wyandotte county, Kansas, because this court has no jurisdiction of the said action, for the reason that it is a suit between citizens of the same state; that the plaintiff and defendant, at the time this action was first instituted, were both citizens of the state of Missouri; the plaintiff lived there, and the defendant was incorporated there."

It has been my uniform holding that a motion to remand is not the proper remedy in such condition of the record. Such motion is likened to a demurrer. It goes only to matters apparent of record. If the record, taken as a whole, discloses that the controversy was improperly removed into the federal court, a motion to remand hits the blot. Such motion does not present matter dehors the record, arising in pais. Where the record, as in this case, discloses by the allegations of the petition for removal that at the time of instituting the suit the plain-

tiff was a citizen of the state of Kansas, and the defendant was a citizen of the state of Missouri, upon which the jurisdiction of the federal court attached, and continued until disproved, the correct legal method of putting such allegation in contestation is by a plea thereto in the nature of a plea in abatement to the jurisdiction of the federal court, denying the allegation of diverse citizenship.

"Where the petition for removal states jurisdictional facts, such as citizenship, etc., which are not true, the plaintiff may traverse these facts by allegations in the nature of a plea in abatement, and the court can receive evidence to determine the same." Dillon's Removal of Causes, par. 158, note 4; Weaver v. Northern Pac. Ry. Co. et al. (C. C.) 125 Fed. 155, 156.

"The motion to remand does not raise an issue upon the facts thus alleged and sustained, but presents the legal questions already discussed, and upon these the ruling must be adverse to the motion to remand." Dow v. Bradstreet Co. (C. C.) 46 Fed. 828.

In Durkee v. Illinois Cent. R. Co. et al. (C. C.) 81 Fed. 1, it was held that a motion to remand did not operate as a general denial of the allegations of the petition for removal. It is not too much to say that this is the consensus of the Circuit Courts. Filer et al. v. Levy (C. C.) 17 Fed. 609; Rumsey et al. v. Call et al. (C. C.) 28 Fed. 769; Kelly v. Chicago & A. Ry. Co. (C. C.) 122 Fed. 286; Dishon v. Cin., N. O. & T. P. Ry. Co., 133 Fed. 171. 66 C. C. A. 345; Hax v. Casper et al. (C. C.) 31 Fed. 199.

There may be some dicta of courts. where the proper mode of procedure on remand was not before the court, implying that a motion to remand may lie, taking issue on the allegations of the truth of the petition for removal. No considerate authority has been found sustaining such course. The language of Mr. Justice Brewer, in Re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, respecting the employment of a motion to remand, is to be understood as applied to the situation there in question. It appeared from the petition for removal that neither party was a citizen of the state in which the suit was brought. Unquestionably in such instance a motion to remand would raise the question of jurisdiction arising on the face of the record.

It is suggested in this motion for rehearing that the plaintiff did file an answer in the state court to the petition for removal. putting in issue the truth of the allegation of diverse citizenship. This was not called to the attention of the court by counsel on the former hearing of the motion to remand. The only question ever submitted to this court for decision was the simple motion to remand.

I now find in the transcript from the state court that after the petition and bond for removal were made the plaintiff filed in the state court an answer denying the allegation that the plaintiff was a citizen of the state of Kansas, alleging that he was a citizen of the state of Missouri. That was an unprecedented proceeding in the state court, and one which, in my judgment, should not be tolerated. The Supreme Court, with reiteration. has held that when the defendant presents to the state court his petition for removal, accompanied with the required bond, praying for removal of cause into the federal court, if the petition on its face shows the facts essential to entitle the defendant to such removal, the only question left for decision by the state court is whether or not, taking the record then before it, the order

should be made. If the petition be sufficient and the bond be given, eo instante every other jurisdiction of the state court ceases, and that of the federal court attaches over the parties and subject-matter.

"The state court is only at liberty to inquire whether, on the face of the record (i. e., the petition of the plaintiff and the petition for removal) a case had been made which requires it to proceed no further. * * * With that fact established, the necessary citizenship for a removal existed. Whether it was a fact or not could only be tried in the Circuit Court." Carson v. Hyatt, 118 U. S. 287, 6 Sup. Ct. 1054, 30 L. Ed. 167.

"Upon the filing of the petition and bond, the suit being removable under the statute, the jurisdiction of the state court absolutely ceased, and that of the Circuit Court of the United States immediately attached. The duty of the state court was to proceed no further in the cause. Every order thereafter made in that court was coram non judice, unless its jurisdiction was actually restored." Steamship Co. v. Tugman, 106 U. S. 122, 1 Sup. Ct. 60, 27 L. Ed. 87; Crehore v. Ohio, etc., Ry. Co., 131 U. S. 244, 9 Sup. Ct. 692. 33 L. Ed. 144; Stone v. South Carolina, 117 U. S. 432, 6 Sup. Ct. 799, 29 L. Ed. 962.

So Judge Sanborn, in Boatmen's Bank v. Fritzlen, 135 Fed. 653, 68 C. C. A. 291, said:

"When a petition for removal and the bond required by the act of Congress are filed, and the record on its face shows the right of the petitioner to a removal, the jurisdiction of the state court ceases, and that of the federal court attaches. If issues of fact arise upon the averments of the petition for removal, the jurisdiction to try them is in the federal court, and not in the state court."

In Donovan v. Wells, Fargo & Co. (C. C. A.) 169 Fed. 363, the court again said:

"On the filing of a removal petition, it becomes a part of the record, and if, on the face of the record as so constituted, the suit appears to be a removable one, the state court is bound to surrender jurisdiction."

The inevitable corollary is that no other pleadings, no other issues, are permissible in the state court after the sufficient petition and bond are presented for removal. What did the answer tender, in contemplation of law, but a plea to the jurisdiction? It could not be a plea to the jurisdiction of the state court, for it had lost jurisdiction of the parties and subject-matter. Why file in that court a plea which it had no jurisdiction to hear or determine? No record could be made in that court of any such answer. A plea to the jurisdiction of the court necessarily must be addressed to and filed in the court possessing jurisdiction to try it, which in this case was the federal court.

"Plaintiff, in order to controvert the facts stated in a removal petition, must make an issue with respect thereto in the federal court, in which the issue must be tried." Donovan v. Wells, Fargo & Co., supra.

No such plea has been filed in this court. It can take no judicial cognizance of such a paper, presented to the state court after its jurisdiction had ceased and the cause stood as if pending in this court.

It results that the action of this court in overruling the motion to remand was correct, and will not be disturbed, but is amended, with leave to the plaintiff, if he so desire, to file in this court a plea, in the nature of a plea in abatement, taking issue on the allegations of the petition for removal. When made, the court will hear and determine that issue in due and ordinary course of procedure.